**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Q. OPPERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 11, 2001.

Filed July 20, 2001.

---

Terri M. Schultz, Butler, for appellant.

David A. Hepting, Asst. Dist. Atty., Butler, for Commonwealth, appellee.

Leo M. Stepanian, Butler, for State Farm Insurance Company, appellee.

Before: JOYCE, OLSZEWSKI and POPOVICH, JJ.

1.  75 Pa.C.S.A. § 3731.

2.  75 Pa.C.S.A. § 3735.

JOYCE, J.

¶ 1 On November 3, 1999, Appellant pled guilty to Driving Under the Influence [1] (DUI) and Homicide by Vehicle While Driving Under the Influence.[2] On January 31, 2000 sentence was imposed whereby Appellant was ordered to serve a period of incarceration of 3–6 years for the Homicide by Vehicle While DUI and 48–96 hours for the DUI. On February 1, 2000, the trial court, *sua sponte,* amended the sentence to reflect that each count was to run consecutively. On February 4, 2000, the trial court entered an order scheduling a restitution hearing, which was ultimately held on July 19, 2000. As a result of the hearing, the trial court ordered that Appellant pay restitution to the following entities: $6,649.13 to the estate of Brian James Demarest, $12,788.89 to the Crime Victims Compensation Fund, and $44,500.00 to State Farm Insurance Company.[3] This order was entered on September 10, 2000. On October 6, 2000, Appellant filed a notice of appeal and complied with the court's directive to file a concise statement of matters complained of on appeal.

¶ 2 Appellant presents two issues for our consideration: 1) whether the amended sentence order dated February 1, 2000 violated the merger doctrine and constitutes an illegal sentence in that it imposes a sentence for Driving Under the Influence consecutive to a sentence for Homicide by Vehicle While Driving Under the Influence; and 2) whether the trial court imposed an illegal sentence when it ordered restitution to an insurance company in a criminal case where said amounts included damages for "pain and suffering"? Appellant's Brief, at 2.

3.  The only portion of the restitution order that is in question is that which provides restitution to be paid to State Farm.

¶ 3 In turning to the merger issue, both parties as well as the trial court agree that it was an error that the sentences were imposed consecutively and they should have merged. Nonetheless, in the trial court opinion, the court raises a jurisdiction question since the appeal was taken from the restitution hearing as opposed to thirty days following the judgment of sentence. See Pa.R.A.P. 903. However, "the illegality of a sentence is not a waivable matter and may be considered by the appellate courts of the Commonwealth *sua sponte.*" *Commonwealth v. Vasquez,* 715 A.2d 468, 471 (Pa.Super.1998) citing *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281, 1289 (1983). Thus, we have jurisdiction to address this issue. We agree with the parties and the trial court that Appellant's sentence for the DUI should have merged with the sentence for Homicide by Vehicle While DUI charge. *See Commonwealth v. Neupert,* 454 Pa.Super. 62, 684 A.2d 627 (1996) (the law is clear that Homicide by Vehicle/DUI and DUI merge for sentencing). Since the sentences were imposed consecutively, the sentence is illegal. Thus, we vacate Appellant's DUI sentence.

¶ 4 Appellant's second issue questions the legality of the imposition of the restitution order. In order to evaluate this issue, we need to reiterate the genesis of the restitution claim made by State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"). On September 28, 1998, prior to Appellants' tender of a guilty plea, the parents of the victim entered into a Release and Trust Agreement with State Farm wherein State Farm would pay to the Estate of the victim the uninsured limits of three separate automobile insurance policies held by the victim's mother. Pursuant to the release, the payment of $45,000.00 constituted full and final settlement and discharge of all the claims of the uninsured motorist converge. The court order directed State Farm to disburse $44,500.00 of the $45,000.00 as follows: $3,700.00 to Joseph Kubit as attorney fees from the Wrongful Death action proceeds; $3,700.00 to Michael D. Gallagher, Esquire as attorney fees from the Wrongful Death action proceeds; $14,850.00 to James W. Demarest, under the Wrongful Death action, to be distributed in accordance with the provision of the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8302[sic][4]; $7,416.00 to Murrin, Taylor and Flach as attorney fees to be paid from the Wrongful Death action proceeds; and $14,834.00 to Rita Demarest, under the Wrongful Death action, to be distributed in accordance with the provisions of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8302[sic]. The remaining $500.00 was to be disbursed to the Estate of Brian James Demarest, Deceased, under the survival action pursuant to 42 Pa.C.S.A. § 8301[sic].[5] Trial Court Order and Opinion, 9/8/00, at 2–3.

¶ 5 Subsequent to Appellant's guilty plea, State Farm sought restitution to compensate it for the amount it paid pursuant to the wrongful death and survival actions, alleging that they are one of Appellant's victims. State Farm relied on 18 Pa.C.S.A. § 1106(h), which defines victim to include "any insurance company that has compensated the victim for loss under an insurance contract." Appellant argues that the proceeds by State Farm were direct payments to third parties, not the victim, pursuant to three separate insurance policies held by the victim's mother. Thus, Appellant maintains it was an error

---

4. The actual cite for the Wrongful Death Act is 42 Pa.C.S.A. § 8301.

5. The actual cite for the Survival Act is 42 Pa.C.S.A. § 8302.

for the trial court to order him to pay restitution to State Farm.

¶ 6 Whether a sentencing court's inclusion of restitution was appropriately ordered is generally considered a challenge to the legality of the sentence. *Commonwealth v. Colon*, 708 A.2d 1279 (Pa.Super.1998).

> The primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's personal injury and that it is his responsibility to repair the injury as far as possible. The imposition of restitution is within the sound discretion of the sentencing court and must be supported by the record.

*Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487 (1997) (internal citations omitted).

¶ 7 A trial court's authority to order restitution is vested in two separate statutory provisions. The first is contained in the Sentencing Code, 42 Pa.C.S.A. § 9721, which provides "the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained. For purposes of this subsection, the term 'victim' shall be defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as the Administrative Code of 1929." [6] The propriety of ordering restitution is further delineated by 18 Pa.C.S.A. § 1106, which provides:

> (a) General rule.—Upon conviction for any crime ... wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment proscribed therefore.

18 Pa.C.S.A. § 1106(a). Furthermore, victim is defined under this section to include the definition contained in The Administrative Code of 1929, *supra*.[7] The term includes any insurance company that has compensated the victim for loss under an insurance contract. 18 Pa.C.S.A. § 1106(h). Thus, the issue presented before us is whether an insurance company constitutes a victim when it has paid proceeds pursuant to an insurance contract to the parents of a victim who is deceased. The parties have not cited nor have we found any case law to provide us with guidance. Thus, it is an issue of first impression.

¶ 8 As our decision is driven by the definition of a victim, we are compelled to discuss the application of The Administrative Code, *supra* as both 42 Pa.C.S.A. § 9721(c) and 18 Pa.C.S.A. § 1106(h) reference it. As we have previously indicated, the references to The Administrative Code were accompanied by footnotes, which refer the reader to 71 P.S. § 180–9.1. This section, which contains The Administrative Code § 479.1, defines victim as "a person against whom a crime is being or has been perpetrated or attempted." However, this section was repealed on November 24, 1998, effective immediately. 1998, Nov. 24, P.L. 882, No. 111, § 5103, imd. effective. While we are cognizant of the fact that the subject matter of 71 P.S. 180–9.0 through 9.11 is now contained in the Crime Victims Act, 18 P.S. § 11.101 *et seq.*, this statute does not formally adopt, subsume or recodify the subject matter. It is also persuasive that 18 Pa.C.S.A. § 1106 was amended on December 3, 1998 subsequent to the repeal of 71 P.S. 180–9.1 and yet continued to incor-

---

**6.** In reaching its decision, the trial court did not rely on this provision, but only relied on 18 Pa.C.S.A. § 1106.

**7.** The text of the statute contains a footnote at this location indicating a reference to 71 P.S. § 180–9.1.

porate the definition of victim as found in the Administrative Code of 1929. It would appear that since 18 Pa.C.S.A. § 1106 was amended after the effective date of the Crimes Victims Act and the repeal of the 71 P.S. § 180–9–9.11, the legislature had the opportunity to include the definition of victim as contained in the Crime Victims Act, if they so chose. Having not done so, we are constrained to find that the definition of victim as provided for in The Administrative Code of 1929 no longer exists as the most recent statute incorporating that definition has been abolished. As a result, our review of this case is limited to the definition of victim as it set forth in the Crimes Code and the Sentencing Code.

¶ 9 The October 5, 1998 civil order directing the disbursement of the insurance policies was premised on two theories of law, the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and the Survival Act, 42 Pa.C.S.A. § 8302. A wrongful death action allows a spouse, child or parent of a deceased to bring an action to recover damages for the death of an individual caused by the wrongful act or negligence of another. 42 Pa.C.S.A. § 8301.

> The purpose of the Wrongful Death Act is to compensate certain enumerated relatives of the deceased for pecuniary loss occasioned *to them* through the deprivation of the part of the earnings of the deceased which they would have received from him had he lived. *Berry v. Titus,* 346 Pa.Super. 376, 381, 499 A.2d 661, 664 (1985) (quoting *Manning v. Capelli,* 270 Pa.Super. 207, 211, 411 A.2d 252, 254 (1979)). *See Linebaugh v. Lehr,* 351 Pa.Super. 135, 505 A.2d 303, (1986) (purpose of the wrongful death statute is to compensate the decedent's survivors for their pecuniary losses; it does not compensate the decedent's estate).... A family relation is defined to require a showing of pecuniary loss by

the relatives seeking damages as a result of the wrongful death of the decedent; there must be a pecuniary loss by one in a family relation before there is any recovery in damages.

*Hodge v. Loveland,* 456 Pa.Super. 188, 690 A.2d 243 (1997) (emphasis added).

¶ 10 On the other hand, a survival action "is not a new cause of action but one that merely continues in [the decedent's] personal representatives the right of action which accrued to the deceased at common law because of the tort." *Tulewicz v. Southeastern Pennsylvania Transportation Authority,* 529 Pa. 588, 606 A.2d 427 (1992). Damages under the Survival Act are measured by the pecuniary loss to the decedent. *Id.* The measure of damages awarded in a survival action include the pain and suffering of the decedent. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994). Thus, it is clear that although the actions are to be brought at the same time, the person seeking to recover differs. The victim's spouse, child or parent seeks damages pursuant to the Wrongful Death Act while the decedent's estate may recover under the Survival Act.

¶ 11 In evaluating these principles in light of the criminal restitution statute and Sentencing Code, we find that the trial court erred in ordering Appellant to pay restitution to State Farm for the wrongful death action. It is evident from the existing case law as well as the civil court order dated October 5, 1998, that the persons who were to receive payments included the victim's parents and various attorneys. While reality dictates that the victim's parents were, in fact, victimized when their son was killed by Appellant's criminal act, they are not victims as provided for by our legislature in the Crimes and Sentencing Codes. Furthermore, while the Crimes Code does allow for an insurance company to be considered a victim, this is only so

when it provides reimbursement to the victim as a result of the perpetrator's conduct. 18 Pa.C.S.A. § 1106(c)(1)(ii)(D). Certainly, there are many instances where an insurance company who provides payments to a victim pursuant to an insurance contract may then properly be considered a victim itself for purposes of restitution. *See Commonwealth v. Pozza,* 750 A.2d 889 (Pa.Super.2000) (insurance company was a victim of an insured's fraud and theft by deception and was entitled to restitution); *Commonwealth v. Colon,* 708 A.2d 1279 (Pa.Super.1998) (victim's insurance company was a victim itself therefore entitled to restitution as part of defendant's sentence for drunk driving); *Commonwealth v. Layhue,* 455 Pa.Super. 89, 687 A.2d 382 (1996) (*en banc*) (insurance company was "victim" entitled to restitution for defendant's conspiracy to burn car in order to collect insurance).

■■ ¶ 12 However, in the case *sub judice,* the insurance company paid damages pursuant to insurance contracts held by the *victim's mother* for damages *she and her husband* sustained as a result of the victim's death. The contract was not with the victim himself. Nor are the parents' damages awarded through the estate, but they are their own damages as a result of their son's death. Thus, we agree with Appellant's assertion that the monies State Farm attempts to collect from him were actually tendered to third parties not contemplated by the definition of victim in 18 Pa.C.S.A. § 1106 nor 42 Pa.C.S.A. 9721. Accordingly, it was an error for the trial court to order Appellant to pay restitution to State Farm.[8] Appellant also contends that the order of restitution was imposed in error because it included pain and suffering of the decedent. Appellant argues

that pain and suffering were part of the Wrongful Death action. However, the trial court, in its order and opinion, only ordered Appellant to pay $44,500.00 of the $45,000.00 that was tendered by State Farm. The trial court concluded, and we agree, that pain and suffering cannot be components of a wrongful death action and were only provided for under the survival action. The survival action accounted for $500.00 to be paid to the victim's estate and was not made part of the restitution order since pain and suffering are not provided for pursuant to 18 Pa.C.S.A. § 1106. *See Commonwealth v. Cannon,* 387 Pa.Super. 12, 563 A.2d 918 (1989) (holding that a sentencing court does not have authority to impose restitution for pain and suffering). Thus, it is evident that the trial court did not impose restitution for any pain and suffering of the victim and Appellant's argument fails.

¶ 13 In conclusion, we find that the judgment of sentence imposed was illegal since it violated the merger doctrine. Therefore, we vacate the judgment of sentence and remand for the re-imposition of sentence. Furthermore, the order of September 8, 2000 ordering Appellant to pay $45,000.00 in restitution to State Farm Insurance Company was also illegal, as it was not provided for by statute. Therefore, that portion of the order directing payment to State Farm is vacated while the remainder of the order remains in effect.

¶ 14 Reversed and remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

---

**8.** Of course, our holding does not affect State Farm's ability to try to recover the insurance benefits through other avenues properly avail-

able to them under the law. Our holding only applies to the current vehicle of recovery, the criminal restitution statute.