### COMMONWEALTH of Pennsylvania, Appellee,

v.

### Michael A. GIAMPA, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 4, 2004.

Filed March 18, 2004.

John Armstrong, Norristown, for appellant.

Bruce L. Castor, Jr., Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: KLEIN, McCAFFERY and OLSZEWSKI, JJ.

OPINION BY KLEIN, J.:

¶ 1 Defendant Michael Giampa was convicted after a bench trial of Possession of a Controlled Substance (steroids) under 35 P.S. § 780–113(a)(16) and Possession of Drug Paraphernalia under 35 P.S. § 780–113(a)(32). Giampa does not contest that he possessed a small amount of steroids or the paraphernalia to use the steroids. In fact, it is agreed that he possessed less than three "trade packages" of steroids.[1] Giampa claims, however, that since there is a separate subsection of the Drug, Device, and Cosmetic Act, 35 P.S. § 780–113(a)(37), that prohibits the possession of "more than three trade packages" of steroids, and he had less, he cannot be convicted. Essentially he argues that subsection 37 must be read to modify subsection 16. Trial judge Thomas M. Del Ricci disagreed, reasoning that *any* possession of steroids is prohibited by § 780–113(a)(16), and § 780–113(a)(37) sets forth the greater amount to allow for differences in treatment of offenders and sentencing. We believe that Judge Del Ricci is correct and discussed the issues thoroughly and intelligently in his 1925(a) opinion. We, therefore, affirm.

¶ 2 We certainly recognize the language of the Drug, Device, and Cosmetic Act, 35 P.S. § 780–1, *et seq.*, is far from a model of clarity, and, to the contrary, sends shivers up the spine of anyone interested in plain English. Nonetheless, in this case both the language and the intent of the legislature are clear. Merely because the statute sets forth a sanction for possessing *greater* amounts of steroids in a separate section does not mean that the general prohibition of steroids allows one to possess a small amount without fear of *any* sanction.

¶ 3 As Judge Del Ricci cogently stated in his opinion:

The rules of statutory construction apply in a case, such as the present one, that involves interpretation of a criminal statute. *Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961 (1994), *app. den.,* 541 Pa. 632, 663 A.2d 685 (1995), *citing* 1 Pa.C.S.A. § 1901, *et seq.; Commonwealth v. Dickerson,* 533 Pa. 294, 621 A.2d 990 (1993); *Commonwealth v. Grayson,* 379 Pa.Super. 55, 549 A.2d 593 (1988). In order to ascertain the meaning of a statute, the court is obligated to determine the legislature's intent and to give effect to that intent. *Berryman,* 649 A.2d at 966 (*citations omitted*). While penal statutes must be strictly construed, such strict construction does not require the court to disregard the legislature's intent. *Berryman,* 649 A.2d at 966 (*citations omitted*). Finally, and most importantly, the legislature is presumed not to intend a result that is absurd or unreasonable. 1 Pa.C.S.A. § 1922(1) (West, 1995). The legislature did not intend to give a free ride to those who possess anabolic steroids in amounts less than those enumerated in Clause 37.

Clause 37 singles out those who possess more than three trade packages or more than thirty labeled doses, because the legislature intended to treat those individuals differently, under certain circumstances. Clause 37 is separately referenced for a reason. For example, the legislature has provided that a person who pleads to a drug offense may receive probation without a verdict, commonly known as a Section 17 disposition. 36 P.S. § 780–117 (West, 2003). While a person who violates Clause 16 may receive a Section 17 disposition, such a

---

1.   Giampa was found to be in possession of .12 grams of testosterone.

disposition is specifically prohibited for persons who violate Clause 37. [Footnote omitted]. *Commonwealth v. Berryman*, 437 Pa.Super. 258, 649 A.2d 961 (1994), *app. den.*, 541 Pa. 632, 663 A.2d 685 (1995) (The Pennsylvania Superior Court addressed issue of Section 17 and the interpretation of the word "charged" in Section 17(1)(iv)).

Clause 37 is specially noted, along with Clause 14 and Clause 30, in the mandatory sentencing provisions found at 18 Pa.C.S.A. § 7508 (West, 2003 pocket part). Section 7508(a), sub-paragraphs (2), (3), (4), (5), (7) and (8), apply mandatory sentencing provisions when a defendant is convicted under Clause 37 and the anabolic steroids are mixed with the chemicals identified in those subsections. Possession of anabolic steroids in a small amount means a defendant might receive the benefit of a Section 17 disposition. Possession of a small amount of anabolic steroids will not subject you to the mandatory minimums, even if mixed with the chemicals listed in 18 Pa.C.S.A. § 7598(a)(2)—(5), (7), and (8). Violation of Clause 37, however, means no possibility of a Section 17 disposition, and may mean mandatory sentence imposition, under certain circumstances.

Trial Court Opinion, 9/22/2003 at 3–4.

¶ 4 Judge Del Ricci further noted that the legislature knew how to exempt the possession of small amounts of a drug from penalties, as it did in drafting a section providing for lesser penalties for possession of small amounts of marijuana.

¶ 5 We agree with Judge Del Ricci's conclusion:

This Court's finding that Clause 37 does not authorize possession of anabolic steroids in amounts less than four trade packages or thirty labeled doses is not a misapplication of that provision. To rule

otherwise would require a tortured interpretation of the statute, and clearly was not the intent of the legislature.

Trial Court Opinion, 9/22/3002 at 5.

¶ 6 It is conceded by the defendant that if the conviction for possession of steroids was proper, the conviction of drug paraphernalia likewise is proper.

¶ 7 Judgment of sentence affirmed.