In the Interest of: B.T.C., a Minor.

Appeal of: B.T.C., a Minor.

Superior Court of Pennsylvania.

Argued Oct. 26, 2004.

Filed Jan. 21, 2005.

Reargument Denied March 28, 2005.

Samuel Encarnacion, Lancaster, for appellant.

Monica D. Mosley, Asst. Dist. Atty., Marietta, for Com., appellee.

BEFORE: STEVENS, McCAFFERY, and TAMILIA, JJ.

OPINION BY STEVENS, J.:

¶ 1 B.T.C. appeals from the disposition order entered following his adjudication of delinquency for two counts of homicide by vehicle,[1] reckless driving,[2] no passing zones,[3] driving a vehicle at safe speed,[4] and

1. 75 Pa.C.S. § 3732.

2. 75 Pa.C.S. § 736.

3. 75 Pa.C.S. § 3307.

4. 75 Pa.C.S. § 3361.

careless driving.[5] We affirm.

¶ 2 On November 2, 2001, B.T.C., while driving a 1985 Mazda RX–7, in Lancaster County, Pennsylvania, attempted to pass another vehicle in a "Do Not Pass" zone. Trial Court Opinion 3/30/04 at 1. B.T.C. lost control of his vehicle and collided with another car, killing both occupants. Trial Court Opinion 3/30/04 at 1. As a result, B.T.C. was charged with two counts of homicide by motor vehicle and four summary offenses. Trial Court Opinion 3/30/04 at 1.

¶ 3 The Commonwealth sought to have the case certified to the criminal division of the Court of Common Pleas. A hearing on the request took place on March 26, 2003, following which the trial court denied the certification petition. Trial Court Opinion 3/30/04 at 2. The parties stipulated that the trial court could adjudicate the juvenile petition based upon the certification hearing testimony. On October 21, 2003, the trial court found beyond a reasonable doubt that B.T.C. had committed acts which, if committed by an adult, would have constituted two counts of homicide by motor vehicle and the four summary offenses. Trial Court Opinion 3/30/03 at 2.

¶ 4 A disposition hearing took place on December 17, 2003. The trial court placed B.T.C. on probation, ordered him to complete 400 hours of community service and directed him to pay court costs and restitution in the amount of $17,188.80. The restitution was to cover the costs of the victims' funeral expenses. B.T.C. filed a timely notice of appeal, and he was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Accordingly, B.T.C. filed his 1925(b) statement, and the trial court subsequently issued its opinion.

¶ 5 On appeal, B.T.C. claims that the trial court unlawfully imposed payment of $17,188.80 without considering the nature of the offenses and the earning capacity of the juvenile as required by 42 Pa. C.S. § 6352(a)(5), and that the restitution was unlawfully ordered because expenses had already been paid to the victims' family through a civil settlement. For the reasons discussed below, we affirm.

¶ 6 The Juvenile Act grants broad discretion to the court in disposition. *In re A.D.*, 771 A.2d 45, 53 (Pa.Super.2001) (citing 42 Pa.C.S.A. §§ 6341, 6352; *In re Love*, 435 Pa.Super. 555, 646 A.2d 1233 (1994)). This Court will not disturb a disposition absent a manifest abuse of discretion. *Love*, 646 A.2d at 1238. The purpose of the Juvenile Act is as follows:

[c]onsistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S.A. § 6301(b)(2). "This section evidences the Legislature's clear intent to protect the community while rehabilitating and reforming juvenile delinquents." *In re J.C.*, 751 A.2d 1178, 1181 (Pa.Super.2000).

¶ 7 Further, one of the purposes of the Juvenile Act is to hold children accountable for their behavior. Accordingly, the Juvenile Act authorizes the court to "order[ ] payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part

---

**5.** 75 Pa.C.S. § 3714.

of the plan of rehabilitation concerning the nature of the acts committed and the earning capacity of the child." 42 Pa.C.S.A. § 6352, Disposition of delinquent child, (a) General rule.(5). Consistent with the protection of the public interest and the community, the rehabilitative purpose of the Juvenile Act is attained through accountability and the development of personal qualities that will enable the juvenile offender to become a responsible and productive member of the community. Thus, the policies underlying the Juvenile Act and its restitution provision, as well as the plain language of Section 6352, serve to invest the juvenile court with a broad measure of discretion to apportion responsibility for damages based upon the nature of the delinquent act and the earning capacity of the juvenile. *In re M.W.*, 555 Pa. 505, 512–513, 725 A.2d 729, 732–733 (1999).

¶ 8 B.T.C. argues that the trial court imposed the restitution without considering the nature of the offense and B.T.C.'s earning capacity. However, we find this claim to be waived. We have thoroughly scrutinized the transcript of the disposition hearing and B.T.C. neither requested a restitution hearing nor objected to the restitution on these grounds despite his awareness, prior to the hearing, that the Commonwealth was requesting payment of restitution for the funeral expenses. The sole objection made to the order of restitution was that it was duplicative of monies already paid to the victims' family by an insurance company following a civil settlement. Further, we reject B.T.C.'s novel argument that he was not required to lodge an objection because 42 Pa.C.S.A. § 6352 requires the judge to consider these factors. It is incumbent upon counsel to make a proper objection if he or she believes that a trial court is not following the law, thus giving the trial court an opportunity to correct any error in a timely fashion. Accordingly, we find this claim to be waived. *See* Pa.R.A.P. 302; *Com-*

*monwealth v. Smith*, 414 Pa.Super. 208, 606 A.2d 939, 942 (1992) (internal citations omitted) (this Court "will not consider a claim on appeal which was not called to the trial court's attention at a time when any error committed could have been corrected.").

██ ¶ 9 B.T.C. next claims that the imposition of the restitution was unlawful because it was duplicative of monies already paid to the victims' family through a civil settlement. In so arguing, B.T.C. relies on this Court's decision in *Commonwealth v. Opperman*, 780 A.2d 714 (Pa.Super.2001). However, we find *Opperman* inapposite, as *Opperman* concerned a situation where the trial court ordered that restitution be paid directly to an insurance company that made payments to the victim's parents. *Id.* In *Commonwealth v. Kerr*, 298 Pa.Super. 257, 444 A.2d 758 (1982), this Court rejected the argument that a restitution order was unlawful where an insurance company had already made a payment to the victim. In so doing we noted:

> [a]s a sentence, or a condition of sentence, imposed following a criminal conviction, an order of restitution is not an award of damages. While the order aids the victim, its *true purpose*, and the *reason* for its imposition, is the rehabilitative goal it serves by impressing upon the offender the loss he has caused and his responsibility to repair the loss as far as it is possible to do so.

*Kerr*, 444 A.2d at 760 (citations omitted) (emphasis in original).

¶ 10 Here, B.T.C.'s actions resulted in the deaths of two innocent people; it was well within the discretion of the trial court to find that a rehabilitative goal was served by making B.T.C. make restitution for the costs of their funerals. The mere fact that B.T.C.'s parents' insurance company paid damages to the victims' family

does not serve to make the restitution order unlawful. Further, as we held in *Kerr*, the issue of the insurance company's right of subrogation has no bearing on the validity of the restitution order. *Id.* at 760–61. Accordingly, we find that B.T.C.'s claim that the order of restitution was unlawful because it was duplicative of monies already paid to the victims' family through a civil settlement lacks merit.

¶ 11 Based on the foregoing, we discern no abuse of discretion by the juvenile court.

¶ 12 Affirmed.