**In the Interest of: R.D.R., a Juvenile**

Superior Court of Pennsylvania.

Submitted Oct. 12, 2004.
Filed June 1, 2005.

---

■■■■■■■■■■■■■■■■■■■■■■■■■■

Faye L. Miller, York, for appellant.

Hugh S. Rebert, Assistant District Attorney, York, for Commonwealth, appellee.

Before: HUDOCK, GANTMAN, and BECK, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, R.D.R., a minor, asks us to review the dispositional order entered in the York County Court of Common Pleas, which imposed fines following his adjudication of delinquency.[1] Specifically, Appellant challenges the trial court's imposition of fines under 42 Pa.C.S.A. § 6352(a)(5) of the Juvenile Act for the offenses of Fleeing or Attempting to Elude

1. Appellant appeals *in forma pauperis.*

a Police Officer,[2] and Operators Required to Be Licensed,[3] without consideration of Appellant's earning capacity. Appellant also challenges the court's imposition of the mandatory minimum fine under 75 Pa. C.S.A. § 3804(c) of the Motor Vehicle Code, for the offense of Driving Under Influence of Alcohol or Controlled Substance.[4] Under the circumstances of this case, we hold the juvenile court erred when it imposed fines under Section 6352(a)(5) of the Juvenile Act without properly considering Appellant's ability to pay in light of his earning capacity. We further hold the court erred when it applied the mandatory minimum fine under Section 3804(c) of the Motor Vehicle Code to Appellant's juvenile disposition. Accordingly, we vacate and remand the matter for reconsideration of the fines consistent with this opinion.

¶ 2 The juvenile court opinion sets forth the relevant facts and procedural history of this case as follows:

On March 4, 2004 [Appellant] appeared before the court and entered a counseled admission to the following offenses:

1. Incident date: February 23, 2004; Possession of Controlled Substance–Ungraded Misdemeanor (35 P.S. § 780–113[ (a)(30) ] ); Fleeing*Eluding Police–Misdemeanor II ( [75 Pa. C.S.A.] § 3733 M.V.C.); Operators' (sic) Required to Be Licensed–Summary ( [75 Pa.C.S.A.] § 1501 M.V.C.); and Operating a Motor Vehicle While Having Controlled Substance in System–Ungraded Misdemeanor ( [75 Pa. C.S.A.] § 3802 M.V.C.)

2. Incident date: February 17, 2004; Possession of Controlled Substance–Ungraded Misdemeanor (35 P.S. § 780–113[ (a)(30) ] ).

[Appellant] was remanded to the York County Youth Development Center and returned to the court for disposition on April 2, 2004. At that hearing [Appellant] was adjudicated delinquent and placed on formal probation with various conditions and community based services imposed. In regards to fines the court stated:

The court at this time is reserving on the issue of the referenced fines on the Fleeing and Elluding (sic), Operators' Required To Be Licensed, and the Operation of a Motor Vehicle While Substance is Evident in the Body.

By supplemental and subsequent Order of April 14, 2004 the court imposed the following fines:

1. § 3802(d)-Driving Under Influence of Alcohol or Controlled Substance-$1000.00.

2. § 3733–Fleeing or Attempting to Elude Police Officer-$500.00.

3. § 1501–Drivers Required to be Licensed-$200.00.

As noted, an appeal was taken therefrom on April 27, 2004 and at the [juvenile] [c]ourt's direction a Statement of Matters Complained Of on Appeal was filed on May 18, 2004.

\* \* \* \* \* \*

This 1925(a) Statement is in response thereto.

(Juvenile Court Opinion, filed June 21, 2004, at 1–3).[5,6]

---

2. 75 Pa.C.S.A. § 3733.

3. 75 Pa.C.S.A. § 1501.

4. 75 Pa.C.S.A § 3802(d).

5. Appellant, born October 25, 1988, was 15 years old when he committed the offenses,

and at the time of his adjudication and disposition.

6. The juvenile court's disposition for the offenses of Possession of Controlled Substance, 35 P.S. § 780–113(a)(30) arising from the incidents on February 17, 2004 and February

¶ 3 Appellant raises the following issues on appeal:

WHETHER THE [JUVENILE] COURT ABUSED ITS DISCRETION BY IMPOSING ON A JUVENILE OFFENDER STATUTORY FINES FOR VIOLATING 75 PA.C.S.A. § 1501, DRIVERS REQUIRED TO BE LICENSED, AND 75 PA.C.S.A. § 3733, FLEEING OR ATTEMPTING TO ELUDE POLICE OFFICER, WHEN THERE WAS NEITHER A FINDING THAT THE FINES WERE BEST SUITED FOR [APPELLANT'S] PLAN OF REHABILITATION NOR WAS THERE ANY INQUIRY INTO [APPELLANT'S] ABILITY TO PAY THE FINES?

WHETHER THE [JUVENILE] COURT ERRED AS A MATTER OF LAW IN RULING THAT THE MANDATORY MINIMUM FINE OF $1000.00 WHICH IS PROVIDED FOR BY STATUTE AT 75 PA.C.S.A. § 3804(c), PENALTIES, AS PART OF THE SENTENCE FOR INDIVIDUALS WHO VIOLATE 75 PA.C.S.A. § 3802(d), DRIVING UNDER THE INFLUENCE OF CONTROLLED SUBSTANCES, IS APPLICABLE TO A JUVENILE WHEN JUVENILE DISPOSITIONS ARE GOVERNED BY THE JUVENILE ACT, 42 PA.C.S.[A.] § 6352, AND STATUTORILY PRESCRIBED MANDATORY FINES ARE NOT PROVIDED FOR IN THE JUVENILE ACT?

(Appellant's Brief at 6).

■ ¶ 4 The Juvenile Act grants broad discretion to the court when determining an appropriate disposition. *In re L.A.*, 853 A.2d 388, 394 (Pa.Super.2004). We will not disturb a disposition absent a manifest abuse of discretion. *Id.* Further,

The purpose of the Juvenile Act is as follows:

[c]onsistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S.A. § 6301(b)(2). "This section evidences the Legislature's clear intent to protect the community while rehabilitating and reforming juvenile delinquents." *In re J.C.*, 751 A.2d 1178, 1181 (Pa.Super.2000).

*In re B.T.C.*, 868 A.2d 1203, 1204 (Pa.Super.2005). "The rehabilitative purpose of the Juvenile Act is attained through accountability and the development of personal qualities that will enable the juvenile offender to become a responsible and productive member of the community." *Id.* at 1205. As part of the rehabilitation plan, and consistent with the protection of the public interest and community, the Juvenile Act authorizes the court to hold the juvenile offender accountable for his actions by ordering him to pay reasonable and appropriate amounts of money as fines, costs or restitution based upon the nature of the offense and his earning capacity. *Id. See* 42 Pa.C.S.A. § 6352(a)(5).

■ ¶ 5 In his first issue, Appellant argues the juvenile court ordered him to pay fines without considering his ability to pay within the context of his rehabilitative plan. Appellant directs our attention to *In Interest of Dublinski*, 695 A.2d 827 (Pa.Super.1997) in support of his argument that

23, 2004 are included in the order entered April 2, 2004, and are not part of this appeal.

the Juvenile Act requires the court to consider Appellant's earning capacity and manner of payment as part of his rehabilitative plan before imposing reasonable fines. Although *Dublinski* involved court-ordered restitution, Appellant maintains the express language of Section 6352(a)(5) requires the court to consider earning capacity when ordering payment of fines, costs or restitution. Appellant suggests the court should have considered the following factors as set forth in *Dublinski* to determine Appellant's earning capacity: mental ability, maturity and education; work history; likelihood of future employment and extent to which the juvenile can reasonably meet a fine obligation; impact of a fine on the juvenile's ability to acquire higher education and thus increase earning capacity; and present ability to pay. Appellant contends the court erred when it imposed the statutory fines without addressing whether and how Appellant could pay them. Appellant concludes the case should be remanded for reconsideration of the fines in light of Appellant's earning capacity and the manner of payment that will best serve Appellant's rehabilitative needs. We agree.

¶ 6 Section 6352 states in pertinent part:

§ 6352. Disposition of delinquent child

(a) General rule.-If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

\*  \*  \*  \*  \*  \*

(5) Ordering payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child. For an order made under this subsection, the court shall retain jurisdiction until there has been full compliance with the order or until the delinquent child attains 21 years of age. Any restitution order which remains unpaid at the time the child attains 21 years of age shall continue to be collectible under section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties).

\*  \*  \*  \*  \*  \*

■■ In selecting from the alternatives set forth in this section, the court shall follow the general principle that the disposition imposed should provide the means through which the provisions of this chapter are executed and enforced consistent with section 6301(b) (relating to purposes). . . .

42 Pa.C.S.A. § 6352(a). Thus, the Juvenile Act requires the juvenile court to consider the protection of the public interest, and to devise a sentence best suited to the child's treatment, supervision, rehabilitation, and welfare, under the individual circumstances of each child's case. *In re R.W.*, 855 A.2d 107, 111 (Pa.Super.2004). The policies underlying the Juvenile Act and the plain language of Section 6352 invest the juvenile court with a broad measure of discretion to apportion responsibility for damages based upon the nature of the delinquent act and the earning capacity of the juvenile. *In re R.S.*, 847 A.2d 685, 690 (Pa.Super.2004), *appeal de-*

*nied,* —— Pa. ——, 863 A.2d 1148 (2004) (quoting *In re M.W.,* 555 Pa. 505, 512–13, 725 A.2d 729, 732–33 (1999)). The juvenile court may even impose a fine consistent with a criminal statute, but "must do so under the auspices of the Juvenile Act rather than a criminal statute." *In re K.R.B.,* 851 A.2d 914, 919 (Pa.Super.2004), *appeal denied,* —— Pa. ——, 871 A.2d 192 (2005).

¶ 7 Instantly, the juvenile court adjudicated Appellant delinquent and ordered him to pay fines of $500.00 and $200.00, respectively, for violating Sections 3733 and 1501 of the Motor Vehicle Code. The court imposed the fines pursuant to its discretionary power under Section 6352(a)(5), while noting the fines would have been mandatory had Appellant been convicted of these offenses in a criminal proceeding. (*See* Juvenile Court Order, dated April 14, 2004, at 2–3). Although the court considered many factors in formulating Appellant's disposition, based on what it termed "a plethora of information," the record does not show the juvenile court assessed Appellant's earning capacity before imposing the fines, as expressly required by Section 6352(a)(5) of the Juvenile Act. (*See* Trial Court Order, dated April 2, 2004, at 3–5).[7] *See* 42 Pa.C.S.A. § 6352(a)(5). *See generally B.T.C., supra; K.R.B., supra; Dublinski, supra.* Accordingly, we vacate and remand the matter to the trial court for reconsideration of these fines in light of Appellant's ability to pay, as required under the Juvenile Act. *See* 42 Pa.C.S.A. § 6352(a)(5); *Dublinski, supra.*

¶ 8 On remand, we direct the court to consider the factors as set forth in *Dublinski,* as follows: Appellant's mental ability, maturity and education; his work history; the likelihood of future employment and extent to which Appellant can reasonably meet the fine obligation; impact of the fine amounts on his ability to acquire higher education and thus increase his earning capacity; and Appellant's present ability to pay. *See Dublinski, supra.* Although *Dublinski* involved court-ordered restitution, we consider those factors relevant to the court's inquiry regarding Appellant's ability to pay the fines, as the express language of Section 6352(a)(5) requires the court to consider the juvenile's earning capacity when ordering "reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation." *See* 42 Pa. C.S.A. § 6352(a)(5).

■ ¶ 9 In his next issue, Appellant argues the juvenile court lacked statutory authority to impose the mandatory minimum fine set forth in the penalty provisions of Section 3804(c) of the Motor Vehicle Code in a juvenile disposition involving a violation of Section 3802(d) of the Motor Vehicle Code (driving under the influence of controlled substances). Appellant contends the juvenile court's authority in formulating his disposition was limited to the options set forth in Section 6352(a)(5) of the Juvenile Act, which provides the court with discretion to order reasonable fines as part of a plan of rehabilitation, but does not authorize mandatory fines. Appellant contends the court erred when it applied the mandatory minimum fine of $1000.00 under Section 3804 of the Motor Vehicle Code to Appellant's disposition. Appellant concludes the case should be remanded for reconsideration of the fine pursuant to Section 6352(a)(5) of the Juvenile Act. We agree.

---

**7.** The trial court affirmed its April 2, 2004 order in its final order dated April 14, 2004. Thus, the court's findings are incorporated into its final order from which Appellant appeals.

¶ 10 Initially, we note a court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. *Commonwealth v. Wall*, 867 A.2d 578 (Pa.Super.2005). Where a court does not have statutory authority to order a particular act, the order must be vacated. *Commonwealth v. Williams*, 871 A.2d 254, (Pa.Super.2005).

¶ 11 When interpreting a statute, the court must give plain meaning to the words of the statute. *In re M.M.*, 870 A.2d 385 (Pa.Super.2005). "It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute." *Id.* at ¶ 5 (internal citation omitted). Moreover, we presume the legislature did not intend an absurd or unreasonable result. *Commonwealth v. Reaser*, 851 A.2d 144, 149 (Pa.Super.2004), *appeal denied*, —— Pa. ——, 863 A.2d 1145 (2004); *Commonwealth v. Giampa*, 846 A.2d 130, 131 (Pa.Super.2004).

¶ 12 Under the Juvenile Act, juveniles are not charged with or convicted of crimes; rather, they are charged with committing delinquent acts and are adjudicated delinquent. *In re K.R.B.*, *supra*. *See* 42 Pa.C.S.A. § 6354(a). A petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. *Commonwealth v. S.M.*, 769 A.2d 542, 544 (Pa.Super.2001), *appeal denied*, 567 Pa. 741, 788 A.2d 375 (2001) (citing *In Interest of B.P.Y.*, 712 A.2d 769, 770 (Pa.Super.1998)).

In enacting the Juvenile Act, the Legislature set forth a comprehensive scheme for the treatment of juveniles who commit offenses which would constitute crimes if committed by adults. The purposes and procedures of the juvenile system differ significantly from those of the adult criminal system.... [T]he purpose of juvenile proceedings is to seek "treatment, reformation and rehabilitation of the youthful offender, not to punish."

*Id.* (internal citation omitted). *See In re J.H.*, 737 A.2d 275 (Pa.Super.1999), *appeal denied*, 562 Pa. 671, 753 A.2d 819 (2000). Moreover, cases involving juveniles can be transferred from juvenile court to criminal court, and vice versa under certain circumstances. *In re R.A.*, 761 A.2d 1220, 1224 (Pa.Super.2000). These transfer provisions indicate that juvenile proceedings are distinct from criminal proceedings. *Id.*

¶ 13 After adjudicating a child delinquent, the court's authority for disposition is limited to six specific options listed in the Juvenile Act. *In re J.D.*, 798 A.2d 210, 213 (Pa.Super.2002). *See* 42 Pa.C.S.A. § 6352(a)(5). An order which does not comport with one or more of the enumerated options is void for lack of statutory authority. *J.D.*, *supra*; *R.A.*, *supra*. The court may exercise its discretion only within the limits provided by the Juvenile Act. *Id.*; *B.P.Y.*, *supra*; *In Interest of Frey*, 248 Pa.Super. 322, 375 A.2d 118 (1977). The court may impose a fine equivalent to a fine set forth in a criminal statute, but must do so based on the Juvenile Act rather than the criminal statute.[8] *K.R.B.*, *supra*. The plain language of Section 6352 of the Juvenile Act indicates that such penalties are discretionary, not mandatory. *B.T.C.*, *supra*. *See* 42 Pa.C.S.A. § 6352(a). Thus, the juvenile court is without statutory authority to apply a "mandatory" fine

---

8. The 1995 Amendment of the Juvenile Act, which added the provision for imposition of fines on a delinquent child, provides that the Act shall apply to all delinquent acts committed on or after the effective date of the act. *See* Historical and Statutory Notes, 42 Pa. C.S.A. § 6352.

prescribed in a criminal statute to a juvenile disposition. *Id.*

¶ 14 Additionally, Section 3804 of Pennsylvania's Motor Vehicle Code provides in pertinent part:

§ 3804. Penalties

\* \* \* \* \* \*

(c) Incapacity; highest blood alcohol; controlled substances.-An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 consecutive hours nor more than six months;

(ii) pay a fine of not less than $1000 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

\* \* \* \* \* \*

75 Pa.C.S.A. § 3804(c) (emphasis added).

¶ 15 In the instant case, the juvenile court was required by the plain language of the Juvenile Act to impose one of six enumerated options, none of which includes a "mandatory" minimum fine. *See* 42 Pa.C.S.A. § 6352. The juvenile court could have imposed a fine comparable to the "mandatory" minimum fine set forth in Section 3804(c) of the Motor Vehicle Code, as long as it did so pursuant to Section 6352 of the Juvenile Act, if warranted by the nature of Appellant's offense and in light of his ability to pay. *See* 42 Pa.C.S.A. § 6352(a)(5). However, the juvenile court exceeded its jurisdiction when it imposed the "mandatory" minimum fine set forth in the penalty provision of Section 3804(c) of

the Motor Vehicle Code. *See, e.g., B.T.C., supra; K.R.B., supra; L.A., supra; R.S., supra. See K.R.B., supra* (holding trial court could not modify order to include fine in juvenile disposition after Appellant filed notice of appeal because fine was discretionary, not mandatory); *S.M., supra* (holding juvenile court lacked authority under express terms of Juvenile Act to place juvenile on period of supervised probation and to conditionally defer adjudication of delinquency without Commonwealth's consent); *R.A., supra* (refusing to enforce protective order issued pursuant to criminal statute in juvenile proceeding where protective order was not one of enumerated options under Juvenile Act); *B.P.Y., supra.* (holding trial court could not accept juvenile's plea of *nolo contendere* absent provision for such plea in Juvenile Act). Accordingly, we vacate the juvenile court's order directing Appellant to pay the "mandatory" minimum fine pursuant to Section 3804(c) of the Motor Vehicle Code.

¶ 16 Further, no court has the statutory authority to impose the fine provision only, where the plain language of Section 3804(c) requires imposition of all four enumerated penalties, including mandatory imprisonment. *See* 75 Pa.C.S.A. § 3804(c). *See also M.M., supra.* Section 6352(b) of the Juvenile Act expressly prohibits the juvenile court from committing a delinquent child to a penal institution or other facility used primarily for the execution of sentences of adults convicted of a crime. *See* 42 Pa.C.S.A. § 6352(b). Therefore, the juvenile court's order as it stands essentially violates both Section 3804(c) of the Motor Vehicle Code, and Section 6352(b) of the Juvenile Act. Presumably, the legislature did not intend such a result. *See Reaser, supra; Giampa, supra.*

¶ 17 Under the circumstances of this case, we hold the juvenile court erred

when it imposed fines under Section 6352(a)(5) of the Juvenile Act without properly considering Appellant's ability to pay in light of his earning capacity. We further hold the court erred when it applied the mandatory minimum fine under Section 3804(c) of the Motor Vehicle Code to Appellant's juvenile disposition. Accordingly, we vacate and remand the matter for reconsideration of the fines consistent with this opinion.

¶ 18 Order vacated. Case remanded for reconsideration of fines. Jurisdiction is relinquished.