J-S18038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: I.W., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: I.W., A MINOR | No. 1273 EDA 2016 |

Appeal from the Dispositional Order March 22, 2016
in the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s): CP-51-JV-1000007-2016

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 03, 2017**

Appellant, I.W., a minor, appeals from the order of the Philadelphia County Court of Common Pleas, Juvenile Division ("Juvenile Court") adjudicating him delinquent for the offenses of theft by unlawful taking,[1] receiving stolen property[2] and conspiracy.[3]   Appellant argues that the Juvenile Court abused its discretion in determining that he is in need of treatment, supervision or rehabilitation.  We affirm.

In November 2012, Appellant was arrested in Philadelphia for two counts of theft of services and one count of disorderly conduct.  On January 29, 2013, he was arrested for simple assault and institutional vandalism.  On

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921(a).

[2] 18 Pa.C.S. §3925(a).

[3] 18 Pa.C.S. § 903(c).

February 7, 2013, the Juvenile Court adjudicated him delinquent and placed him on probation.

On October 10, 2014, while under direct supervision, Appellant was arrested in Chester County for stealing an iPhone, cash, and a debit card, the offenses underlying the present case. The docket reflects that on May 29, 2015, Appellant absconded and a bench warrant was issued for his arrest. Although the record is unclear, it appears that Appellant was arrested on the bench warrant.

At a hearing on December 14, 2015 in Chester County Juvenile Court, Appellant admitted to theft, receiving stolen property and criminal conspiracy. On December 22, 2015, the Chester County court found that Appellant committed these offenses. The court deferred adjudication, placed Appellant in residential treatment at Danville, and transferred his case from Chester County to Philadelphia County.

In Philadelphia, the Juvenile Court scheduled Appellant's delinquency adjudication for February 18, 2016. Appellant appeared in court on that date but left before his case was called. The court relisted his hearing for March 22, 2016. On March 15, 2016, probation officers arrested Appellant at a Day's Inn,[4] where they found him in a hotel room with other individuals who had open warrants.

---

[4] The record does not reveal the location of the Day's Inn.

On March 22, 2016, the Juvenile Court held Appellant's delinquency hearing. The court learned about Appellant's theft, receiving stolen property and conspiracy offenses in Chester County. N.T., 3/22/16, at 2. Based on these offenses and his offenses in 2012 and 2013, the Juvenile Court observed: "[Y]ou keep getting arrested." *Id.* at 21. The Juvenile Court also noted that Appellant had left his February 18, 2016 delinquency hearing without permission, *id.* at 6-7, and remarked: "[W]hen [Appellant] was asked by probation officers[,] do you have any contact with the system, he said no. So he lied to probation . . . . Then they find out, you know, that he is a previous resident of Danville. The reason that he's a previous resident of Danville is because he ran from placement." *Id.* at 12-13.

Instead of admitting his misconduct, Appellant claimed that he was only aware of one bench warrant and did not know about any others. *Id.* at 19. The court found this excuse "virtually impossible" to believe, because Appellant had been arrested multiple times and therefore had to know about his responsibility to appear at judicial hearings. *Id.* at 19-21.

The Juvenile Court adjudicated Appellant delinquent, placed him in a residential facility and ordered him to pay $80.00 in restitution to the victim of the theft. Order, 3/22/16. Appellant timely appealed, and both Appellant and the Philadelphia Juvenile Court complied with Pa.R.A.P. 1925.[5]

---

[5] The record reflects that on April 11, 2016 and April 25, 2016, the Juvenile Court continued Appellant's placement in a residential facility. The Juvenile

J-S18038-17

Appellant raises one issue in this appeal:

> Did not the juvenile court err as a matter of law and abuse its discretion in adjudicating [A]ppellant delinquent where the evidence established that he was not in need of treatment, rehabilitation or supervision?

Appellant's Brief at 3.

An adjudication of delinquency requires the court to find both "(1) that the juvenile has committed a delinquent act; and (2) that the juvenile is in need of treatment, supervision, or rehabilitation." *Commonwealth v. M.W.*, 39 A.3d 958, 966 (Pa. 2012) (citing Pa.R.J.C.P. 408 and 409). In considering an adjudication, the juvenile court considers the protection of the public interest, and devises a disposition best suited to that child's treatment, supervision, rehabilitation, and welfare. *In re L.A.*, 853 A.2d 388, 394 (Pa. Super. 2004) (citing 42 Pa.C.S. § 6301(b)(2)). "The Juvenile Act grants juvenile courts broad discretion when determining an appropriate disposition [in a delinquency matter]. . . . We will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion." *Interest of C.A.G.,* 89 A.3d 704, 709 (Pa. Super. 2014) (citations omitted).

Appellant does not dispute that he committed the offenses of theft, receipt of stolen property and criminal conspiracy. He only contends that

---

Court also scheduled a hearing for July 26, 2016 for further review of Appellant's placement. The July 26, 2016 hearing transcript is not in the record, and the docket does not state the outcome of this hearing.

- 4 -

the evidence was insufficient to establish that he is in need of treatment, rehabilitation or supervision. We disagree.

The record demonstrates that at the time of the present offenses, Appellant had a history of delinquency in 2012 and 2013 for theft, simple assault and vandalism. Despite receiving probation for these offenses, he committed the present offenses of theft, receipt of stolen property, and conspiracy in December 2014. After his arrest for the 2014 offenses, Appellant (1) absconded on May 29, 2015, resulting in a bench warrant; (2) left a delinquency hearing without permission on February 18, 2016; (3) was arrested in a hotel room on March 15, 2016 in the presence of other individuals with open warrants; (4) lied to his probation officer about his probation status; and (5) stated disingenuously to the court that he did not know about his responsibility to appear for court. The Juvenile Court acted within its discretion by determining that Appellant required treatment, supervision, and rehabilitation in light of his criminal history, the nature of the present charges, his dishonesty, and his pattern of absconding and failing to appear at court listings.

Appellant also claims that the Juvenile Court abused its discretion by finding him delinquent due to its bias against transgender individuals. Appellant has waived this argument by failing to assert it during his delinquency hearing or in his Pa.R.A.P. 1925(b) statement, thus preventing the Juvenile Court from addressing it in its opinion. *See* Pa.R.A.P. 302(a)

("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) (issues not set forth in appellant's statement of matters complained of on appeal are deemed waived); **Commonwealth v. Proctor**, __ A.3d __, 2017 WL 527718, *2 (Pa. Super. Feb. 9, 2017) (defendant waived claims on direct appeal challenging sufficiency and weight of evidence of his conviction for drug delivery resulting in death as it related to factual cause of victim's death, where defendant did not specify challenges in Rule 1925(b) statement, and therefore trial court did not address them in its opinion).

In any event, this issue lacks merit. Contrary to Appellant's claim, the Juvenile Court did not indulge in a "tirade" against transgender individuals. Appellant's Brief at 5. It noted in passing that Appellant was "in a [hotel] room with . . . another person who has gender issues" and having "some kind of party . . . when the police arrived." N.T. at 13-14. The Juvenile Court's actual concern, however, was not with transgender individuals but with Appellant's criminal history, dishonesty and disregard for judicial hearings. **Id.** at 9-23.

Appellant further claims that the Juvenile Court ruled before all of the evidence was presented. Appellant's Brief at 10. Once again, Appellant has waived this argument by failing to assert it during his delinquency hearing or in his Pa.R.A.P. 1925(b) statement. **See** Pa.R.A.P. 302(a), 1925(b)(4)(vii); **see also In re B.T.C.**, 868 A.2d 1203, 1205 (Pa. Super. 2005) (appellant

waived claim that court had not considered relevant factors before ordering restitution in juvenile case where he did not object on that ground below). In any event, this argument is devoid of merit. Although the Juvenile Court stated early in the hearing that it was adjudicating Appellant delinquent, N.T. at 5, it then entertained further argument by Appellant's attorney and heard Appellant's testimony. *Id.* at 6-24. Under these circumstances, the adjudication of delinquency was within the Juvenile Court's discretion.

Finally, Appellant asserts that the Juvenile Court prevented him from attending college. Appellant's Brief at 7, 10-11. To the contrary, the Juvenile Court stated that Appellant might be released in September to attend college if he cooperated with his treatment and supervision. N.T. at 25-26.

For these reasons, we will not disturb the Juvenile Court's adjudication of delinquency.

Dispositional order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2017

- 7 -