851 A.2d 914 (2004)
In the Interest of K.R.B. A Minor Appellant.
Superior Court of Pennsylvania.
Submitted January 12, 2004.
Filed May 10, 2004.
Reargument Denied July 19, 2004.
*916 Brian W. Ulmer, Lewisburg, for appellant.
David P. Johnson, Asst. Dist. Atty., Lewisburg, for Com., appellee.
Before: HUDOCK, MONTEMURO[*] and CAVANAUGH, JJ.
*915 MONTEMURO, J.
¶ 1 Appellant K.R.B., born 8/22/84, appeals the dispositional order entered June 6, 2003, in the Union County Court of Common Pleas, following his adjudication on charges of, inter alia, driving under the influence of alcohol[1] and failure to obey stop and yield signs.[2] We affirm in part and vacate in part.
¶ 2 On July 26, 2002, Officer William P. Klinger, Jr. observed Appellant come to an abrupt stop halfway into an intersection after failing to stop at a posted stop sign. The officer executed a stop and discovered that Appellant was driving without a valid license. In addition, he detected the odor of alcohol on the juvenile's breath. Appellant, who admitted to having consumed alcohol earlier in the evening, was asked to perform two field sobriety tests. He failed both tests and was subsequently arrested and adjudicated delinquent of one count of driving under the influence, one count of drivers required to be licensed,[3] and one count of stop signs and yield signs.[4] Initially, Appellant was required to undergo a drug and alcohol evaluation, to complete an alcohol highway safety program, to pay various fines and costs, and to forfeit driving privileges for one year. After Appellant filed a timely appeal, however, the trial court amended the disposition to include additional fines and court costs.
¶ 3 Appellant raises four issues for our review. First, he contends that the evidence was insufficient to support adjudication on the driving under the influence charge because the Commonwealth failed to prove that he was incapable of safe driving at the time of the arrest. We disagree.
*917 ¶ 4 When considering a challenge to the sufficiency of the evidence, "an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction." Commonwealth v. Yetsick, 402 Pa.Super. 615, 587 A.2d 788, 790 (1991). This Court must "determine if the trier of fact could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt." Id. The fact finder is free to believe all, part or none of the evidence and "the credibility of and the weight to be accorded the evidence produced are matters within the province of the trier of fact." Commonwealth v. Taylor, 324 Pa.Super. 420, 471 A.2d 1228, 1229-30 (1984). This same standard is used when evaluating an adjudication of delinquency. See In the Interest of A.D., 771 A.2d 45 (Pa.Super.2001). A minor is guilty of driving under the influence if he operates a motor vehicle while maintaining a blood alcohol content of .02% or greater. See 75 Pa.C.S.A. § 3731(a)(4)(ii).[5]
¶ 5 Here, the record reflects that Appellant drove past a posted stop sign without stopping. Thereafter, he failed two field sobriety tests and registered a blood alcohol level of .022%. Thus, the evidence was sufficient to adjudicate Appellant delinquent for driving under the influence. See Commonwealth v. Robinson, 834 A.2d 1160, 1167 (Pa.Super.2003) (holding evidence sufficient when appellant exhibited signs of possible intoxication, failed field sobriety tests, and had blood alcohol level in excess of legal limit).
¶ 6 Next, Appellant challenges the sufficiency of the evidence regarding the adjudication for the charge of stop signs and yield signs. He claims that faulty brakes were to blame and that the Commonwealth failed to sustain its burden by neglecting to submit evidence regarding the mechanical reliability of his vehicle.
¶ 7 Pursuant to 75 Pa.C.S.A. § 3323(b):

§ 3323. Stop signs and yield signs

* * *
(b) Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at the point nearest the intersecting roadway where the driver has a clear view of approaching traffic on the intersecting roadway before entering.
Appellant's defense fails as the statute contains no provision excusing a mechanical malfunction. Instead, the statute very clearly requires every driver to stop before passing a stop sign. Here, the record establishes, and Appellant admits, that he failed to do so.[6] Thus, the evidence was sufficient to support the adjudication.
¶ 8 In his third issue, Appellant claims that he was prejudiced when the trial court permitted cross-examination on a previously suppressed statement. The parties agree that statements made by *918 the juvenile while in police custody were inadmissible as no interested adult was present. During direct examination, Appellant testified that his alleged back problems did not affect his performance during the one legged stand sobriety test administered prior to his arrest. See N.T., 5/22/03, at 112. In response, the Commonwealth sought to impeach the juvenile's credibility by introducing a conflicting, but suppressed, statement made following his arrest.[7]See Id. at 118. Appellant objected and the trial court suspended testimony pending an evidentiary ruling on the issue. On May 29, 2003, the court issued a ruling permitting cross-examination for the limited purpose of impeachment. See Evidentiary Ruling, 5/29/03, at 1. The trial resumed on June 6, 2003, and the Commonwealth was permitted, over objection, to ask Appellant whether or not he informed the arresting officer of any physical defects. See N.T., 6/6/03, at 5. Appellant now claims that the question was prejudicial and exceeded the scope of direct examination.
¶ 9 A suppressed voluntary statement may be used to impeach the credibility of a witness. See Commonwealth v. Baxter, 367 Pa.Super. 342, 532 A.2d 1177, 1178 (1987), appeal denied, 518 Pa. 615, 541 A.2d 743 (1988). Contrary to Appellant's assertion, the direct examination established that his injured back did not affect his ability to perform the sobriety test. On cross, the Commonwealth simply asked whether Appellant recalled being questioned about any physical defects on the night of the arrest. See N.T., 6/6/03, at 5. Appellant testified that he did not remember and the Commonwealth moved on to another topic. See Id. Accordingly, we find no error as the Commonwealth's question was tailored to impeach Appellant's credibility and did not exceed the scope of direct examination.
¶ 10 In his final issue, Appellant questions whether the court erred in modifying the juvenile disposition after the filing of this appeal. The original disposition, dated June 6, 2003, imposed a $25.00 fine for the stop signs violation, a $200.00 fine for driving without a license, a $10.00 EMS Operating Fund fine, and court costs. The court, believing that it had omitted a mandatory penalty, filed an order to amend on July 9, 2003; however, Appellant had already filed a notice of appeal on July 2nd. Thereafter, the court issued an amended disposition order on August 28, 2003, requiring Appellant to pay, inter alia, an additional $300.00 fine, presumably for the DUI adjudication,[8] and a $100.00 Act 198 surcharge for registering a BAC level of.022. He now argues that the trial court lacked jurisdiction to amend the order because an appeal had already been filed.
¶ 11 Generally, a court "may modify or rescind any order within 30 days after its entry, if no appeal has been taken." Commonwealth v. Klein, 566 Pa. 396, 781 A.2d 1133, 1135 (2001) (citing 42 Pa. C.S.A. § 5505). However, the court has "inherit powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." Id. (citations omitted). "Thus, under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes." Id. In Commonwealth *919 v. Rohrer, 719 A.2d 1078, 1080 (Pa.Super.1998), this Court held that the failure to impose a discretionary penalty did not preserve the trial court's power to amend an order. Thus, we must ascertain whether the supplemental $300.00 fine and the $100.00 surcharge were truly mandatory.
¶ 12 Again, we presume that the trial court acted pursuant to 75 Pa.C.S.A. 3731(e)(1), which requires a minimum fine of $300.00 following a conviction under the statute. This Court, however, has refused to enforce a protective order issued pursuant to a criminal statute in a juvenile proceeding because, under the Juvenile Act, juveniles are neither charged with nor convicted of crimes; instead, "they are charged with committing delinquent acts... [and] are adjudicated delinquent." In re R.A., 761 A.2d 1220, 1224 (Pa.Super.2000) (citation and emphasis omitted). Accordingly, "[a]fter adjudicating a child... delinquent, the juvenile court's authority is limited to selecting from specific options listed in [section 6352 of the Juvenile] Act." Id. at 1223 n. 3.
¶ 13 Section 6352 states, in pertinent part:
§ 6352. Disposition of delinquent child

(a) General Rule.If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

* * *
(5) Ordering payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child.
42 Pa.C.S.A. § 6352(a)(5) (emphasis added). Thus, a court may impose a fine or punishment consistent with a criminal statute, but must do so under the auspices of the Juvenile Act rather than a criminal statute. The plain language of Section 6352 indicates that such penalties are discretionary, not mandatory. As a result, the failure to include a fine in a juvenile disposition does not amount to a patent defect justifying circumvention of the jurisdictional limitations of 42 Pa.C.S.A. § 5505. Accordingly, we hold that Appellant's notice of appeal precluded the trial court's revision of the disposition order and vacate the amended order.
¶ 14 Order affirmed in part; vacated in part. Jurisdiction relinquished.
NOTES
[*] Retired Justice assigned to Superior Court.
[1] 75 Pa.C.S.A. § 3731(a)(1), (4).
[2] 75 Pa.C.S.A. § 3323(b).
[3] 75 Pa.C.S.A. § 1501(a).
[4] An additional count of driving under the influence was dismissed.
[5] Appellant was adjudicated under the old version of the statute. Because the legal limit has now been lowered, that statute has since been repealed and re-numbered 75 Pa.C.S.A. § 3802.
[6] We note that Appellant improperly contends that the burden of proof regarding mechanical reliability rests on the Commonwealth. In fact, a defendant holds the burden of pleading and proving the defense of malfunctioning brake equipment.
[7] Clearly, the Commonwealth wished to attack Appellant's credibility rather than the substance of his admission that his alleged back injury had no affect on the outcome of the field sobriety test.
[8] Our presumption rests on the fact that the DUI adjudication is the only adjudication for which a fine was not levied in the original disposition.