J-S04023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: S.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.M., A JUVENILE | : | No. 1023 EDA 2013 |

Appeal from the Order Entered March 8, 2013,
In the Court of Common Pleas of Lehigh County,
Juvenile Division, at No. CP-39-JV-0000148-2013.

BEFORE: BENDER, P.J., SHOGAN and FITZGERALD\*, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 23, 2014**

Appellant, S.M., a juvenile, appeals from the dispositional order entered on March 8, 2013, adjudicating him delinquent. We reverse.

The record reveals that on March 8, 2013, following a hearing, the juvenile court adjudicated S.M. delinquent of robbery graded as a felony of the third degree. The juvenile court committed S.M. to the Abraxas Academy for juvenile male offenders.

On April 4, 2013, S.M. filed a timely notice of appeal. On April 16, 2013, the juvenile court directed S.M. to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). S.M. timely filed his Pa.R.A.P. 1925(b) statement on April 24, 2013, alleging that the evidence was insufficient to establish the elements of robbery.

On June 25, 2013, 109 days after the March 8, 2013 dispositional order, the juvenile court issued an amended order adjudicating S.M.

---

\*Former Justice specially assigned to the Superior Court.

delinquent of conspiracy to commit robbery as opposed to robbery. The juvenile court then directed S.M. to file an amended Pa.R.A.P. 1925(b) statement challenging the conspiracy adjudication. S.M. dutifully complied and asserted the evidence was insufficient to support the adjudication for criminal conspiracy. The juvenile court filed a Pa.R.A.P. 1925(a) opinion addressing this claim on August 5, 2013.

In an unpublished memorandum filed on April 8, 2014, this Court addressed a jurisdictional issue concerning the juvenile court's amended order adjudicating S.M. delinquent of conspiracy rather than robbery. As noted above, the juvenile court purported to amend the dispositional order to change the criminal act underlying the adjudication of delinquency more than thirty days after the order was entered and after the appeal was filed. In our prior decision, this Court concluded that the juvenile court was without jurisdiction to take such action and in doing so, violated 42 Pa.C.S. § 5505.[1] In that prior memorandum we stated as follows:

---

[1] 42 Pa.C.S. § 5505 provides as follows:

**Modification of orders**

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

Therefore, once the thirty–day period announced in section 5505 has expired or once a defendant files a notice of appeal, the trial court is without jurisdiction to alter or modify its order. *Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa. Super. 2007).

Nevertheless, we are cognizant that the court has "inherit [sic] powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." *In re K.R.B.*, 851 A.2d 914, 918 (Pa. Super. 2004) (citations omitted). "Under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes." *Id*. (citation omitted).

Here, the juvenile court alleged that its intent was to adjudicate S.M. delinquent of conspiracy and not robbery. Juvenile Court Opinion, 8/5/13, at 1. However, the intent of the juvenile court is irrelevant. *See Commonwealth v. Borrin*, 80 A.3d 1219 (Pa. 2013) (in considering alteration of an order under 42 Pa.C.S.A. § 5505, the court's intent is irrelevant). Therefore, in the case at bar, while the juvenile court was permitted to correct a patent mistake, we conclude that changing the criminal act underlying the adjudication of delinquency after the appeal was filed was improper. *See Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007) (discussing the type of errors that may be corrected through the court's inherent powers despite the rule set forth in 42 Pa.C.S.A. § 5505 and permitting the trial court to correct an illegal sentence).[1] Additionally, the *Holmes* Court went on to clarify:

> Although the defendants before this court warrant relief under the inherent power of courts to correct patent errors, we must also emphasize the limits of this power. This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that **it is the obviousness of the illegality**, rather than the illegality itself, that triggers the court's inherent power.

-3-

***Holmes***, 933 A.2d at 66-67 (emphasis added).

> [1] The two cases predominantly analyzed in ***Holmes*** are: ***Commonwealth v. Cole***, 263 A.2d 339, 341 (Pa. 1970) (allowing the trial court to correct an order where it had granted the defendant's motion for a new trial and arrest of judgment because the order was clearly antagonistic), and ***Commonwealth v. Klein***, 781 A.2d 1133 (Pa. 2001) (holding that a trial court had jurisdiction to correct manifest error in the calculation of the defendant's sentence notwithstanding a pending appeal).

> Here, there is nothing patently and obviously erroneous about the juvenile court's initial order. The juvenile court was not correcting an illegal sentence or amending a contradictory order; it changed the crime underlying S.M.'s adjudication. What the juvenile court did was tantamount to a criminal court changing the verdict while a case was on appeal. We cannot conclude that the juvenile court was permitted to change its original order under the inherent powers described in ***Holmes***. Accordingly, the juvenile court's amended order adjudicating S.M. delinquent of conspiracy is a nullity, and S.M. remains adjudicated delinquent of robbery pursuant to the dispositional order entered on March 8, 2013.

***In re S.M.***, 1023 EDA 2013, \_\_\_ A.3d \_\_\_ (Pa. Super. filed April 8, 2014) (unpublished memorandum at 3-4).

Additionally, due to the myriad procedural missteps in this matter, we remanded this matter to the juvenile court to allow for the filing of a Pa.R.A.P. 1925(a) opinion responding to S.M.'s original Pa.R.A.P. 1925(b) statement in which he challenged the adjudication of delinquency for robbery. On June 25, 2014, the juvenile court filed its opinion, and the parties filed responsive briefs.

In its June 25, 2014 opinion, the juvenile court provides an explanation of the reason it amended the original order and cites to *In re K.R.B.*, 851 A.2d 914, 918 (Pa. Super. 2004). However, this Court has already decided the issue as to whether the juvenile court was merely correcting a patent mistake in the negative. *In re S.M.*, (unpublished memorandum at 4). This Court has ruled the juvenile court's amended order a nullity. *Id*.

This Court, in our prior memorandum, directed the juvenile court prior to provide a basis for adjudicating S.M. delinquent of the crime of robbery. *In re S.M.*, (unpublished memorandum at 4). Upon review, nothing in the juvenile court's June 25, 2014 opinion supports an adjudication for the crime of robbery. Moreover, nothing in the record supports an adjudication of the crime of robbery.

Accordingly, we conclude the evidence was insufficient to sustain S.M.'s adjudication for the crime of robbery. This Court cannot overlook the errors that occurred in the juvenile court or countenance their correction after the thirty day period lapsed. *Holmes*, 933 A.2d at 66-67. For the reasons set forth above, the dispositional order adjudicating S.M. delinquent of robbery is reversed.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014