J-A18036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHERRILYN D. WASHINGTON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY HAMILTON | |
| Appellant | No. 857 MDA 2013 |

Appeal from the Order April 9, 2013
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2004-2534

\*\*\*\*\*

| | |
|---|---|
| SHERRILYN D. WASHINGTON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY HAMILTON | |
| Appellant | No. 1582 MDA 2013 |

Appeal from the Order July 11, 2013
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2004-2534

BEFORE:  LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                 **FILED JANUARY 26, 2015**

Harry Hamilton appeals from an order of the Court of Common Pleas of Centre County divorcing him from Sherrilyn D. Washington.  After careful review, we affirm.

This case began on June 8, 2004, when Washington filed a complaint in divorce, alleging that the parties were married in the Bahamas on June 1, 1996. In her complaint, Washington also sought, *inter alia*, custody of the parties' son, who was born on August 5, 2001.

Since its inception, "this case has had a protracted procedural history including several previous appeals to this Court and the Pennsylvania Supreme Court." **Hamilton v. Hamilton**, No. 992 MDA 2011, unpublished memorandum at 1 (Pa. Super. filed February 22, 2012).

On January 17, 2013, Washington filed a petition for bifurcation, a section 3301(d) affidavit and a notice to Hamilton that if he failed to file a counter affidavit, the statements in the petition would be admitted. On the same date she filed an affidavit of service indicating she served the petition and affidavit by U.S. mail. On February 1, 2013, Washington filed a second affidavit of service indicating that the petition and affidavit were also hand delivered to Hamilton. On March 13, 2013, Washington filed a praecipe to transmit the record to the court for entry of a divorce decree, a notice of intention to request entry of divorce decree, a form counter affidavit for Hamilton, and an affidavit of service for these documents indicating that she served them by U.S. mail.

The court issued a rule to show cause on March 15, 2013, scheduling a hearing on the bifurcation petition for April 9, 2013. A copy of the rule returnable was mailed to both parties. Washington appeared for the hearing, but Hamilton did not. Accordingly, on that date the court issued an

order granting bifurcation, and entered a divorce decree erroneously referencing mutual consent pursuant to 23 Pa.C.S. § 3301(c).

On May 9, 2013, Hamilton filed a timely notice of appeal, and on July 11, 2013, the trial court issued an order vacating the divorce decree. However, the same day the trial court issued a new divorce decree on the grounds of irretrievable breakdown (parties having lived separate and apart for at least two years) pursuant to 23 Pa.C.S. § 3301(d). On August 10, 2013, Hamilton filed a notice of appeal from the July 11, 2013 divorce decree. By order filed September 25, 2013, this Court consolidated the appeals from the April 9, 2013 and July 11, 2013 orders.

On appeal, Hamilton raises the following issues for our review:

1. Whether the court improperly exercises jurisdiction, errs as a matter of law, abuses its discretion, or demonstrates bias when failing to make any record essentially upholding a challenged finding of marriage from a separate support action in the absence of *verba in praesenti* expressed for the specific purpose of creating a marriage and failing to follow rules respecting joinder of interested parties, request for jury trial, and the absence of a validly executed affidavit of consent?

2. Does the court err as a matter of law when entering a decree of divorce rather than annulment based on 23 Pa.C.S. § 3304(a)(1) and the record shows no constant cohabitation after affidavits were executed on different dates and in different locations?

3. Does a trial court err as a matter of law when vacating a decree and entering another decree *sua sponte* or upon an unnoticed motion by one party while the initial decree is pending appeal?

4. If the trial court does not retain jurisdiction of matters of custody and declares all claims determined, may the parties appeal the actions in custody and the trial court's failure for

three years to conduct a hearing or make any of the consideration under Title 23 Chapter 51 of the Pennsylvania Statutes (particularly section 5328(a)(1) and (6-12) and 5331?

5. Does a trial court abuse its discretion and err as a matter of law when exercising contempt powers after an appeal and requiring a party to purge the contempt by providing discovery on matters sought prior to the appeal?

Appellant's Brief, at 6.

Hamilton first asserts that the trial court erred by entering a divorce decree because the parties were never married. In his Pa.R.A.P. 1925(a) opinion, the Honorable Bradley P. Lunsford relied on an opinion in a related support matter in which the Honorable David E. Grine held that a valid common law marriage existed between Washington and Hamilton. ***Washington-Hamilton v. Hamilton***, Centre County CCP No. 2004-339-S, Trial Court Opinion, 4/27/05.

In ***Staudenmayer v. Staudenmayer***, 714 A.2d 1016 (Pa. 1998), our Supreme Court noted that when both parties are available to testify, the party alleging common law marriage bears the burden of proving the exchange of words in the present tense (*verba in praesenti*). Here, the court held that although Washington testified that the captain of a cruise ship performed a wedding ceremony for the parties in 1996, she failed to provide any documentation in support of this claim. However, the Court noted:

> Subsequent to the 1996 cruise, the parties resided together, filed joint income tax returns, and held themselves out as husband and wife to their families and the community at large. Coupled to this growing reputation of marriage, in 2000 the parties each executed an affidavit affirming their marriage. Paragraph 2 of [Hamilton's] affidavit states:

> That I have been and currently desire to be the lawful husband of Sherrilyn Washington. We made the commitment and contract to marry on 1 June 1996 and continue in our relationship of man and wife. We have renewed our commitment to one the other several times since then and do so again by this affidavit.

Likewise, Paragraph 2 of [Washington's] affidavit states:

> That I have been and currently desire to be the lawful wife of Harry Hamilton. We made the commitment and contract to marry on 1 June 1996. We have renewed our commitment to one the other several times since then and do so again by this affidavit.

These affidavits were duly signed and notarized on November 7, 2000, and November 3, 2000, respectively. Likewise, shortly after these affidavits were signed, [Hamilton] applied for and received benefits for [Washington] as his dependent. The application made to the U.S. Army, which [Washington] signed, acknowledged [Washington] as his wife.

* * *

The affidavits executed by both parties in 2000 alone are sufficient enough for this court to conclude that [Washington] carried her burden of establishing by clear and convincing evidence that *verba in praesenti* were exchanged and that a valid common law marriage existed between [Washington] and [Hamilton] as of November 7, 2000.

**Washington-Hamilton v. Hamilton**, **supra**, at 7-8.

In light of the evidence before the trial court, we find no abuse of discretion in its determination that the parties formed a common law marriage "by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife [was] created." **Staudenmayer**, **supra** at 1020 (citing **Commonwealth v.**

- 5 -

*Gorby*, 588 A.2d 902, 907 (Pa. 1991)).[1]  Accordingly, the trial court did not err in holding that the parties had a valid common law marriage.

Hamilton's next argument is that the trial court erred by granting a decree of divorce instead of an annulment.  However, the section of his brief dedicated to this issue does not discuss annulment or 23 Pa.C.S. § 3304 (grounds for annulment of void marriages).  Because Hamilton has failed to develop this issue in his brief, it is waived.  **See Umbelina v. Adams**, 34 A.3d 151 (Pa. Super. 2011) (issues waived for lack of development where appellant offers no citation to authority or further analysis other than statement of argument).

Within the same section of his brief, Hamilton raises the unrelated issue of the parties' cohabitation.  His argument is limited to the following statements:  "Hamilton could not have been co-habitating with Washington on a constant basis and Washington testified as to sporadic co-habitation. The Court in 04-339 also referenced the absence of constant co-habitation noting it was sporadic."  Appellant's Brief, at 21.  Again, we find the issue waived.  **See Umbelina**, **supra**.  However, we note that the "the 'necessity' that would require the introduction of evidence concerning cohabitation and

---

[1] 23 Pa.C.S. § 1103, which became effective in 2005, provides:  "No common law marriage contracted after January 1, 2005, shall be valid. Nothing in this part shall be deemed or taken to render any common law marriage otherwise lawful and contracted on or before January 1, 2005, invalid.

reputation of marriage is the inability to present direct testimony regarding the exchange of *verba in praesenti*." **Staudenmayer**, **supra** at 1021. Here, the trial court concluded that the exchange of *verba in praesenti* was established by clear and convincing evidence, and therefore no determination with respect to cohabitation was required.

Hamilton further argues that the trial court erred by vacating the July 9, 2013 decree and entering a new decree on July 11, 2013, while the July 9 2013 decree was on appeal. With respect to this issue, we rely on the analysis of Judge Lunsford, in which he explains:

> The court took these actions pursuant to its inherent authority to correct mistakes in its orders. Even after an appeal has been filed, a trial court may correct patent and obvious mistakes or supply omissions in the record. **See e.g**. **Manack v. Sandlin**, 812 A.2d 676, 681 (Pa. Super. 2002) ("We find that it was within the inherent power of the trial court to enter a corrective order. The fact that the correction was made more than thirty days after entry of the original order and after the filing of a notice of appeal is inapposite."); **see also In re K.R.B.**, 851 A.2d 914, 918 (Pa. Super. 2004). The error in citing § 3301(c) was a patent and obvious defect. The affidavit clearly was filed pursuant to § 3301(d) on the ground of irretrievable breakdown of the marriage, not mutual consent. It is clear from hundreds of filings over nearly a decade that [Hamilton] has denied even the existence of a valid marriage. The court was not rendering a new judgment about the grounds for the divorce but was merely correcting the decree to accurately reflect the record.

Trial Court Opinion, 9/27/13, at 3-4.

Accordingly, the trial court did not err by issuing a new decree reflecting that the grounds for divorce was irretrievable breakdown.

Hamilton further asserts a variety of claims related to custody determinations made by the trial court with respect to the parties' son. However, Hamilton has not filed an appeal from a custody order. Rather, he has filed an appeal from a final decree of divorce. It is well settled that "an appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court." ***Commonwealth, Dep't of Transp., Bureau of Driver Licensing v. Boros***, 620 A.2d 1139, 1143 (Pa. 1993). Because the order appealed from is limited to the issue of divorce, we may not review issues related to custody,

Hamilton's final issue is that the trial court erred by holding him in contempt of a discovery order. However, it is apparent that the order on appeal has nothing to do with discovery matters. Rather, Hamilton's dissatisfaction with the trial court's handling of discovery is the subject of an appeal docketed at 1765 MDA 2015, which is the subject of a separate memorandum.

For the foregoing reasons, we affirm the order of the Court of Common Pleas of Centre County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/26/2015</u>