J-S56033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VERONICA J. JOYNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | No. 1347 EDA 2020 |
| HOSPITALS, INC., JEFFERSON | : | |
| UNIVERSITY PHYSICIANS, KAREN A. | : | |
| CHOJNACKI, M.D., AND ELIA S. | : | |
| ELIA, M.D. | : | |

Appeal from the Order Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190400547

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: JANUARY 22, 2021**

Veronica J. Joyner (Joyner) appeals from the order denying her petition to open judgment of *non pros* entered in the Court of Common Pleas of Philadelphia County (trial court) due to her failure to provide a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3(e).  She maintains that the court's order granting her an extension to file a certificate of merit was impossible to perform and she has a meritorious cause of action justifying opening the judgment.  After our careful review, we reverse.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

We take the following pertinent factual background and procedural history from the trial court's July 27, 2020 opinion.

On April 3, 2019, Joyner filed a writ of summons against Thomas Jefferson University Hospitals, Inc., Jefferson University Physicians, Karen A. Chojnacki, M.D. and Elia S. Elia, M.D. (collectively, Hospital Defendants). On June 14, 2019, she filed a *pro se* complaint and two properly filed amended complaints thereafter. She alleges the negligent placement of leg restraints during gall bladder surgery performed by Drs. Chojnacki and Elia resulted in nerve damage, causing pain and foot drop. (**See** Second Amended Complaint, 12/03/19, at Paragraphs 43-46).

On July 15, 2019, the Hospital Defendants filed a premature[1] notice of intent to enter judgment of *non pros* for Joyner's failure to file a certificate of merit. On July 24, 2019, Joyner filed a *Praecipe* to attach to her complaint a certificate of merit to which she appended part of a February 11, 2019 progress note authored by her podiatrist, William Morris, D.P.M. (**See** *Praecipe* to Attach, 7/24/19, at Exhibit). On August 13, 2019, the Hospital Defendants filed preliminary objections to the complaint and a motion to strike Joyner's certificate of merit. On September 6, 2019, the court granted the

---

[1] Joyner had 60 days from filing the complaint to file a certificate of merit. **See** Pa.R.C.P. 1042.39(a).

- 2 -

Hospital Defendants' motion to strike the certificate of merit and ordered Joyner to file a new certificate of merit that complied with Rule 1042.3(e) within 20 days.

On September 24, 2019, Joyner filed a *pro se* response to Hospital Defendants' motion to strike to which she attached another certificate of merit in the form provided by Rule 1042.10 with a September 19, 2019 letter from her podiatrist, Albert Mosheyev, D.P.M.[2]  On October 1, 2019, the Hospital Defendants sent Joyner a letter in which they explained that her September 24, 2019 filing did not satisfy Rule 1042.3(e) and gave her until October 4, 2019 to file a valid certificate of merit.  (**See** Hospital Defendants' Opposition to Plaintiff's Petition to Open Judgment of *Non Pros*, 1/23/20, at Exhibit C).  On October 4, 2019, Joyner filed a *praecipe* to attach an October 3, 2019 letter from podiatrist Steven McIlwath, D.P.M. to her response to the Hospital Defendants' motion to strike.  (*Praecipe* to Attach, 10/04/19, at Exhibit).[3]  On

---

[2] Dr. Mosheyev's letter stated, in pertinent part, that Joyner started suffering symptoms after the gall bladder surgery and that:  "Based on clinical evaluation and supportive medical documentation and my medical opinion, Ms. Joyner's foot drop is most likely associated with direct injury of the peroneal nerve."  (**See** Answer to Motion to Strike, 9/24/19, at attachment).

[3] Dr. McIlwath's letter stated, in pertinent part:

> Since [Joyner's problem commenced immediately following [gall bladder surgery in which] strapping [was] applied [it] renders one to extrapolate that this was more than likely due to positioning and strapping of lower extremity … applied improperly, causing this injury to the Peroneal nerve ….

November 14, 2019, the Hospital Defendants again advised Joyner of remaining deficiencies and gave her another 20-day extension. (**See** Hospital Defendants' Opposition to Plaintiff's Petition to Open Judgment of *Non Pros*, 1/23/20, at Exhibit C).

On December 3, 2019, before the new deadline's expiration, Joyner filed a motion for extension of time to file a certificate of merit because the physician needed more time to complete his report due to the Thanksgiving holiday. The attached proposed order used December 24, 2019, as the new deadline. The Hospital Defendants filed an answer opposing Joyner's motion on December 31, 2019. On January 2, 2020, the court granted Joyner's motion for extension of time imposing December 24, 2019, as the new deadline as requested, even though that date had already passed, making it impossible for Joyner to comply. The next day, January 3, 2020, the Hospital Defendants filed a *praecipe* for judgment of *non pros* and the Office of Judicial Records entered judgment.

Joyner filed a *pro se* petition to open the judgment of *non pros* on January 6, 2020. At the March 4, 2020 hearing on the petition, Joyner told

---

It is my medical opinion that Ms. Joyner's foot drop condition is more likely compression induced peroneal injury and subsequent resultant foot drop/weakness of the ankle and foot she is experiencing).

(*Praecipe* to Attach, 10/04/19, at Exhibit).

the court in pertinent part that she had a doctor's report to submit to support her certificate of merit, but the court did not permit her to provide it. (N.T. Hearing, 3/04/20, at 6). It denied the petition on March 5, 2020. Newly retained counsel filed a motion for reconsideration on March 16, 2020, arguing that "[s]ince the Order extending the time to file a Certificate of Merit was entered after the time allowed for the extension, it is unfair to deny [Joyner] additional time to file her Certificate of Merit." (Motion for Reconsideration, 3/16/20, at 5); (*see also id.* at 4). The trial court denied the motion for reconsideration on May 11, 2020. Joyner timely appealed.[4, 5] She and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925.

## II.

Joyner argues that "[a]lthough the [] court granted [her] Petition for Extension of Time, the Order provided that the Certificate of Merit had to have been filed on a date before the Order was entered, thus making it impossible

---

[4] Pursuant to the Pennsylvania Supreme Court of Pennsylvania Emergency Order, Section III, filed on April 28, 2020, entered in response to the Covid-19 pandemic, "In all events, legal papers … which are required to be filed between March 19, 2020[] and May 8 2020[] generally SHALL BE DEEMED to have been filed timely if they are filed by close of business on May 11, 2020."

[5] Our standard of review regarding the denial of a petition to open a judgment of *non pros* is whether the trial court abused its discretion. *See Womer v. Hilliker*, 908 A.2d 269, 273 (Pa. 2006). "This means that the trial court's decision will be overturned only if reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id.* (citation omitted).

for [her] to timely file a Certificate of Merit." (Joyner's Brief, at 8). She further maintains that, had the court allowed her to admit the report of Jeffrey H. Oppenheimer, M.D. at the hearing on her petition to open, it would have shown that she has a meritorious cause of action. (*See id.* at 15).[6] We agree.

"Rule 3051 governs relief from a judgment of *non pros* whether entered on praecipe or by the court." *Hoover v. Davila*, 862 A.2d 591, 595 (Pa. Super. 2004). Pursuant to Rule 3051, if a petitioner seeks to open a judgment of *non pros*, she must file a petition that alleges facts demonstrating: "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action." *Id.* (citing Pa.R.C.P. 3051(b)(1)-(3)).

## A.

Here, there is no argument that Joyner's petition was not timely where it was filed within days of the judgment's entry. As to the reasonable explanation prong, we agree with Joyner's argument that it was utterly impossible for her to file a certificate of merit that complied with the trial

---

[6] Joyner also claims that pursuant to *Womer*, *supra*, she should have been given the benefit of Rule 126, which provides, in pertinent part: "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. However, not only would this argument be waived because Joyner raised it for the first time in her Rule 1925(b) statement, based on our disposition, we need not reach the applicability of either Rule 126 or *Womer*.

court's extended deadline where the date had already passed by the time the order was filed.[7] Therefore, we conclude that Joyner had a reasonable explanation for not complying with the court's order.

**B.**

Joyner argues that the third prong that Dr. Oppenheimer's report, had the court accepted it at the hearing, would have established that she has a meritorious cause of action. However, the trial court found that Dr. Oppenheimer's report was not a certificate of merit that satisfied Rule 1042.3. (**See** Trial Court Opinion, 7/27/20, at 6). The Hospital Defendants argue that Dr. Oppenheimer could not be an appropriate licensed professional because he is a licensed neurosurgeon and the physician defendants here include a general surgeon and anesthesiologist. (**See** Hospital Defendants' Brief, at 18-20).

---

[7] The trial court's justification for its order's deadline is that it used December 24, 2019, as the extended deadline because it was in the proposed order. (**See** Trial Court Opinion, 7/27/20, at 2). However, this is not a persuasive explanation. It appears that Joyner proposed this date because it was three weeks after the motion to extend the deadline was filed. Not only did the court have discretion to impose a deadline up to 60 days after the motion's filing, once Joyner pointed out that the court had entered an order that, on its face, was impossible to perform, it is beyond this Court's understanding why the trial court would not have merely fixed the obvious error. **See In re K.R.B.**, 851 A.2d 914, 918 (Pa. Super. 2004) ("Generally, a court "may modify or rescind any order within 30 days after its entry, if no appeal has been taken. … [U]nder limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes."). Since Joyner does not argue that the court should have fixed this incongruity, we mention it only for completeness.

To establish medical malpractice, a party must prove "that a duty was owed and breached, and that the breach was the cause of harm resulting in damages." *Rostock v. Anzalone*, 904 A.2d 943, 945 (Pa. Super. 2006) (citation omitted). "Certificates of merit pursuant to Pa.R.C.P. 1042.1– 1042.8, averring that there exists a reasonable probability that professional standards have been breached," also is required. *Id.* Where the plaintiff is *pro se*, an appropriate licensed professional's statement must be attached to the certificate of merit. *See* Pa.R.C.P. 1042.3(e). Pursuant to the Note to Rule 1042.3(a)(1), an appropriate licensed professional is someone who meets the qualifications for a testifying expert pursuant to Section 512 of the MCARE Act. *See* Pa.R.C.P. 1042.3(a)(1), Note. Where such physician is licensed and practices in a different specialty than the medical defendants and is forming an opinion as to the standard of care:

> A court may waive the same specialty and board certification requirements for an expert testifying as to a standard of care if the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in … a related field of medicine within the previous five-year time period.

42 P.S. § 1303.512(e).

Here, at the hearing on the petition to open, Joyner unsuccessfully attempted to submit a statement from neurosurgeon Dr. Oppenheimer to support her certificate of merit. (*See* Motion for Reconsideration, at Exhibit G Oppenheimer Report, at 1). While Dr. Oppenheimer does not practice in the same subspecialties as the defendant physicians, *i.e.*, general surgery and

anesthesiology, the care at issue was the proper restraining of a patient during surgery, something with which Dr. Oppenheimer is experienced and knowledgeable.  (*See* Second Amended Complaint, at Paragraphs 43-46).

In his report, Dr. Oppenheimer represents that:

I am familiar with the standard of care in the issues of diagnosis and proper positioning in the operating room in respect to protecting nerves and other vital structures.  I myself have in the past, and continue to, frequently assisted in the positioning of patients that I am operating on with respect to protecting vital structures.  In addition, I am familiar with the standard of care for each healthcare provider in this case by virtue of my training, education and experience with this matter. …

*       *       *

… Ms. Joyner's peroneal injury and subsequent foot drop is the result [of] direct compression of the nerve.  This occurred during her [gall bladder] surgery of 4.3.17. …

It is my opinion, within a reasonable medical probability, the [Hospital Defendants] did not use such care as a reasonably prudent healthcare provider practicing in the same field would have provided under similar circumstances.  It is my opinion that these breaches in care caused delay in the prevention of and timely diagnosis of peroneal compression leading to foot drop.

Thus, the standard of care for supine operative positioning was breached by these individuals and the Institution.

These breaches are directly responsible for causing [] Ms. Joyner's devastating neurological complication:  permanent and complete left foot drop.

(*See id.* at 1, 3-4).

Based on the above, we conclude that the trial court abused its discretion when it found that Dr. Oppenheimer's report does not meet the

requirements of Rule 1042.3 and fails to establish a meritorious cause of action.

Hence, we conclude that the trial court abused its discretion in denying Joyner's petition to open.[8] We reverse the March 5, 2020 order and remand with instructions that the trial court shall provide Joyner with an extended deadline of at least 20 days from the date of this Court's order during which to file certificates of merit and supporting approved physician statements pursuant to Pa.R.C.P. 1042.3.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/21

---

[8] Both the trial court and the Hospital Defendants spend considerable time on whether Joyner had a reasonable basis for not filing compliant certificates of merit prior to filing her motion for an extension. In fact, the Hospital Defendants raised the exact same arguments in opposing that motion. However, aware of these considerations, the trial court elected to grant Joyner the extension. To suggest now that those same actions support denying her the benefit of that extension is not persuasive. As to the time between her filing the December 3, 2019 motion and the court granting it, we note that "[t]he filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules on the motion." Pa.R.C.P. 1042.3(d).