J-A26007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICARDO T. DATTS, II | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER LITTLE | : | |
| | : | |
| Appellant | : | No. 1919 EDA 2021 |

Appeal from the Judgment Entered December 7, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  171101814

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 02, 2023**

Alexander Little appeals from the judgment of $34,867 entered against him and in favor of Ricardo T. Datts, II.[1]  We affirm.

The pertinent underlying facts are as follows.  Mr. Datts and Mr. Little are first cousins who entered into a landlord-tenant relationship in 2015. Specifically, Mr. Datts and David Bradley, his business partner for a documentary film, rented space in Mr. Little's home for themselves and their

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mr. Little purported to appeal from the September 13, 2021 order that granted Mr. Datts's motion to correct the record.  However, no judgment had been entered on the docket in accordance with that order prior to the filing of the notice of appeal.  Mr. Little subsequently filed a *praecipe* for judgment in accordance with this Court's order, and we have amended the caption accordingly.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

equipment. When Mr. Datts refused Mr. Little's entreaties to be included in the venture, Mr. Little attempted to raise the monthly rent and ultimately locked Mr. Datts out of the residence and retained Mr. Datts's equipment and personal property. As the trial court explained, "[t]he saga has expanded out to involve multiple family members and acquaintances[, including Mr. Datts's mother ("Mrs. Datts")], and has resulted in several criminal prosecutions and protection from abuse proceedings." Trial Court Opinion, 12/27/21, at 3.

Mr. Datts initiated the instant action against Mr. Little and prevailed in the Philadelphia Municipal Court. Mr. Little appealed, and Mr. Datts prevailed before a panel of arbitrators. Mr. Little again appealed, and a trial *de novo* was held before the trial court, resulting in another verdict in favor of Mr. Datts. That verdict was vacated upon the grant of Mr. Little's post-trial motion and the case was tried anew before a different judge of the trial court. Over the course of the two-day trial, at which both parties proceeded *pro se*, Mr. Datts introduced an itemized list of equipment, clothing, and other items that he contended were converted by Mr. Little, totaling $34,876. **See** N.T. Trial, 2/24/20 (Morning), at 28-29, Exhibit P-1. The court also heard evidence that Mr. Little admitted to locking Mr. Datts out of the house and saw video of Mr. Little and Mr. Bradley following and attacking Mr. Datts and Mrs. Datts following one of the prior proceedings. At the conclusion of the proceedings, the court announced its verdict as follows:

THE COURT: I will make a number of findings, factual findings that usually are unnecessary, but they're made necessary in this instance.

Hopefully there won't be a use for them in the future, but if there is, I hope it helps. And also for Mr. Little's edification.

This court finds that the evidence overwhelmingly and by the defendant's own admission, that the plaintiff was unlawfully evicted, even if that admission waffles in the way that's not at all logical or persuasive. The record amply shows that he unlawfully evicted Mr. Datts,

The court also finds that the record amply shows that the defendant unlawfully retained possession of the plaintiffs property.

I do give credence to the plaintiff's testimony regarding both the eviction and the property. I find in favor of plaintiff.

          . . . .

Overall, this Court finds that the defendant is utterly uncredible. And this is based not only on his own contradictions here speaking under oath, but also in light of other evidence and things that are irreconcilable, no matter how hard we tried, with other things that he's saying.

I got to tell you, Mr. Little, it's very disturbing that someone would use misstatements to bring so much grief to anyone, let alone a cousin. It's really - it's mind blowing. I hope you reconsider, I hope you reconsider and you stop doing that.

MR. LITTLE: Yes, your Honor.

THE COURT: I will issue a stay away order enjoining you from contacting directly or indirectly Mr. Datts or Mrs. Datts. Unfortunately, I cannot issue an order enjoining you from making a criminal complaint, but let me tell you, if somehow that gets into court, you will have a lot of trouble.

Part of the reason that I'm making these specific findings is because I want the world to know just how you have repeatedly and blatantly misstated facts for your own use.

MR. LITTLE: Yes, your Honor.

THE COURT: It's unkind and really, really troubling, and it's illegal.
I really hope you stop.

N.T. Trial, 2/25/20, at 83-85 (cleaned up).

A February 25, 2020 docket entry reflects the verdict "in favor of [Mr. Datts] and against [Mr. Little] entirely," and an order prohibiting Mr. Little from having any contact with Mr. Datts or Mrs. Datts. However, no amount of damages was stated on the docket or the trial worksheet that was made part of the record, and no judgment was entered on the verdict.

More than a year later, Mr. Datts filed a motion to correct the record to include $34,867 as the amount of damages awarded to him. He also alleged that Mr. Little had repeatedly violated the stay-away order. Mr. Little filed responses denying the contempt allegations and suggesting that Mr. Datts's motion to correct the record be dismissed as an untimely post-trial motion, and that the verdict should stand with no monetary damage award. The trial court held a hearing on the matters on August 26, 2021, at the conclusion of which it orally granted the motion to correct the record and denied the contempt petition. Mr. Little filed a motion for reconsideration before the trial court filed orders on September 13, 2021, denying contempt and granting the correction of the record entering judgment in favor of Mr. Datts and against Mr. Little in the amount of $34,867. Mr. Little filed a notice of appeal on September 22, 2021. The following day, the trial court dismissed Mr. Little's

reconsideration motion as prematurely filed, and Mr. Little filed a post-trial motion. The court subsequently denied Mr. Little's post-trial motion and judgment was entered. Both Mr. Little and the trial court complied with Pa.R.A.P. 1925.

Mr. Little presents the following question for our consideration: "Does the common pleas court trial division have jurisdiction over post trial motions filed after the ten day limit established by Pennsylvania law[?]"[2] Mr. Little's brief at 4 (cleaned up). Mr. Little's argument, stated in an inartful and repetitive fashion in his brief, boils down to this: because Mr. Datts did not file his motion to correct the record within ten days of the trial court's final order stating a verdict for the plaintiff with no monetary award, the trial court lacked jurisdiction to grant the motion and instead should have denied it as an untimely post-trial motion. *See id*. at 5-11.

Mr. Little is correct that Pa.R.C.P. 227.1 provides that post-trial motions must be filed within ten days of the filing of a non-jury decision. *See* Pa.R.C.P. 227.1(c)(2). However, "the timeliness provision of Rule 227.1 is not jurisdictional in nature." *Linder v. City of Chester*, 78 A.3d 694, 698

---

[2] In his Rule 1925(b) statement and at oral argument, Mr. Little also challenged the sufficiency of the evidence to support the amount of the trial court's award. By not including the issue in his appellate brief, however, Mr. Little waived it. *See*, *e.g.*, Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). In any event, we discern no error in the trial court's explanation that Mr. Datts's evidence was sufficient to establish the amount of damages. *See* Trial Court Opinion, 12/27/21, at 6-8.

(Pa.Cmwlth. 2013). Rather, "the trial court has the discretion to determine whether it will consider the untimely post-trial motion." ***Behar v. Frazier***, 724 A.2d 943, 945 (Pa.Super. 1999).

The rule of law implicating the trial court's jurisdiction to modify its decision is 42 Pa.C.S. § 5505, which provides that such modification is permissible up until the time an appeal has been filed or the thirty-day window for appealing has lapsed. ***See*** 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."); ***see also*** Pa.R.A.P. 1701(a) (providing the general rule that a court may not proceed further on a matter after an appeal is taken).

After thirty days, a final trial court determination "can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court." ***Hayward v. Hayward***, 808 A.2d 232, 235 (Pa.Super. 2002) (cleaned up). Such extraordinary circumstances include "mistakes made by the court or its officers." ***Id***. Stated differently, a trial court "has inherent powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." ***In re K.R.B.***, 851 A.2d 914, 918 (Pa.Super.

2004) (cleaned up). Under these "limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes." *Id*. (cleaned up).

Here, the trial court indicated that the record clearly reflected that it credited Mr. Datts's evidence concerning the property that Mr. Little retained, and that its verdict was expressly for Mr. Datts "entirely." *See* Trial Court Opinion, 12/27/21, at 7-8. The failure of the court to enter the amount of damages reflected in Mr. Datts's Exhibit P-1 was an oversight plain on the face of the record. *Id*. at 9. Hence, it had the authority to correct the clerical error and amend its verdict. *Id*. at 8 (citing *Maize v. Atl. Ref. Co.*, 41 A.2d 850, 854 (Pa. 1945)[3] ("Verdicts which are not technically correct in form but which manifest a clear intent on the part of the factfinder may be corrected without resort to the grant of a new trial.")) (cleaned up).

Mr. Little offers no authority to counter the trial court's reasoning. Indeed, the trial court's jurisdiction to correct the omission from its order long after thirty days is supported by the case law. *See*, *e.g.*, *Hayward*, *supra* at 236 (holding extraordinary circumstances existed to modify a qualified domestic relations order six years after its entry where the order's indication of an improper coverture fraction was apparent from the face of the record).

---

[3] The *Maize* Court in turn cited with approval *Cohn v. Scheuer*, 8 A. 421, 422 (Pa. 1887), in which our Supreme Court affirmed the trial judge's amendment of the verdict weeks after trial to add the amount awarded where the failure to include it originally was a mistake on the part of the court crier.

Accordingly, we affirm the judgment entered upon the trial court's September 13, 2021 order granting Mr. Datts's motion to correct the record.

Judgment affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/2/2023*