J-S50045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.V.W., JR., A MINOR  APPEAL OF L.V.W., JR., A MINOR | : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | | No. 3727 EDA 2016 |

Appeal from the Order November 2, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-JV-0000252-2014

BEFORE:   PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED SEPTEMBER 14, 2017**

Appellant, L.V.W., Jr., appeals from the dispositional order entered on November 2, 2016, ordering Appellant and certain other individuals liable, jointly and severally, to pay restitution in the amount of $9,598.00 to Elvin Padilla ("Victim"), after Appellant was adjudicated delinquent for possession of an instrument of crime.[1]  We affirm.

The relevant facts and procedural history are as follows.  Appellant unlawfully entered into the residence of Victim with five others, including other juveniles, between October 1, 2014, and October 15, 2014.  **See** Petition Alleging Delinquency, at 2 (filed 12/14/2014).  In December 2014, the Commonwealth filed a petition alleging delinquency against Appellant, who was fifteen years old at the time of the incident.  **See id.**  Appellant was

---

[1] **See** 18 Pa.C.S. § 907(a).

charged with criminal trespass and possession of an instrument of crime.[2]
*See id.*

At an adjudicatory hearing on October 5, 2015, Appellant tendered an admission and was adjudicated delinquent. *See* Adjudicatory Hearing Order, 10/5/2015, at 1. The juvenile court found Appellant's admission to possession of an instrument of crime substantiated by the evidence, and the charge of criminal trespass was withdrawn. *See id.* at 3.

Following a dispositional hearing on October 23, 2015, the juvenile court imposed financial conditions upon Appellant, including the payment of court costs and of restitution. *See* Dispositional Hearing Order, 10/23/2015. In addition, Appellant was placed at Summit Academy. *See id.* Appellant objected to the amount of restitution of $13,598.00 (joint and several with other codefendants). *See id.* A dispositional review hearing was held on April 26, 2016; however, the issue of restitution was postponed. *See* Notes of Testimony (N.T.), 4/26/2016, at 9.

In September 2016, Appellant filed a counseled motion for a restitution hearing. A restitution hearing was held on October 21, 2016. The Commonwealth presented evidence that three adults and two juveniles had been found to be jointly and severally liable with Appellant to Victim by other judges. *See* N.T., 10/21/2016, at 2. Two individuals were ordered to

_____

[2] *See* 18 Pa.C.S. §§ 3503(a)(1)(i), 907(a), respectively.

pay restitution in the amount of $1,000.00, and one other individual was ordered to pay $2,000.00. *Id.* The Commonwealth proposed that Appellant remained liable for the total amount of damages claimed by the victim reduced by the amount those three individuals were ordered to pay. *Id.* at 2-3.

The juvenile court provided an accounting of restitution orders against all six co-defendants. *See* Trial Ct. Op., 11/3/2016, at 2. The court found Appellant liable for the total amount of damages claimed by the Victim of $13,598.00, less $4,000.00 for which others had been found liable. *See id.* The court ordered that Appellant pay Victim restitution in the amount of $9,598, described as "joint and several with Johnathyn White at Docket #630 CR 2015 and S.H. at Docket #250 JV 2014." Order, 11/2/2016.

Appellant timely filed a notice of appeal and court-ordered 1925(b) statement. Appellant's sole issue for review is:

> Whether the [juvenile] [c]ourt erred as a matter of law by ordering [Appellant] to pay restitution in the amount of $9,598 when the Commonwealth failed to meet its burden of proving the relation between the [Appellant's] actions and the restitution amount owed.

Appellant's Br. at 5.

A juvenile court's statutory authority to issue an order of restitution is set forth in Section 6352 of the Juvenile Act. *In re M.W.*, 725 A.2d 729, 732 (Pa. 1999); 42 Pa.C.S. § 6352. "Dispositions which are not set forth in the Act are beyond the power of the juvenile court." *In re J.J.*, 848 A.2d 1014, 1016-1017 (Pa. Super. 2004). Nevertheless, "[t]he Juvenile Act

grants broad discretion to the court when determining an appropriate disposition. We will not disturb a disposition absent a manifest abuse of discretion." **In re R.D.R.**, 876 A.2d 1009, 1013 (Pa. Super. 2005) (internal citation omitted). "In reviewing an order of restitution, discretion is abused where the order is speculative or excessive or lacks support in the record." **Commonwealth v. B.D.G.**, 959 A.2d 362, 367 (Pa. Super. 2008) (citations omitted).

First, Appellant contends that the juvenile court failed to take into account "evidence concerning the actual damages and corresponding restitution owed by [Appellant], as required under the Juvenile Act." Appellant's Br. at 9. Appellant maintains the court "did not have any basis of knowledge as to the facts of the case and [Appellant]'s specific involvement" or "specific level of culpability that [Appellant] had in the damages to the [V]ictim's residence[.]" **Id.** According to Appellant, the court did not know Appellant's level of involvement because the delinquency matter was assigned to a different judge. **See id.** (citing Notes of Testimony (N.T.), 10/21/2016, at 6-7).

Second, Appellant contends that the juvenile court failed to consider the "actual damages" caused by Appellant, but rather ordered him to pay the remaining balance owed to the Victim after deducting contributions from other co-defendants. Appellant's Br. at 9. Appellant maintains that the court's order "was not factually based upon direct evidence concerning the actual damages to the residence caused by [Appellant][.]" **Id.**

Contrary to Appellant's contention, the juvenile court considered Appellant's involvement in its opinion. The court considered evidence that Appellant was the first one to break into the Victim's house. Trial Ct. Op., 11/3/2016, at 2. Appellant was reportedly "the first to break into the house and mak[e] it accessible to the other individuals." **Id.** (citing Appellant's Social Summary). Then, "[Appellant] and his co-conspirators caused damages and used the house as a 'hang-out.'" **Id.**

Although the court did not preside over Appellant's delinquency proceedings, it relied on Appellant's written admissions and the findings of the Juvenile Probation Department. **Id.** at 1-2. The Department determined that Appellant, Johnathyn White, and another minor ("S.H.") had been "mostly responsible for the damages due to their level of involvement at the house." **Id.** at 2. However, at the restitution hearing, Appellant "failed to provide convincing evidence of why the restitution amount should be less than the balance owed." **Id.** at 2-3. The record supports the court's finding that Appellant offered "no evidence that lessened his actual involvement or culpability in causing the damages." **Id.** at 2-3.[3]

---

[3] At the restitution hearing, Appellant had argued there was a "disparity" in the amount of restitution paid by other co-defendants. **See** N.T., 10/21/2016, at 3. He stated that all co-defendants "were all in part responsible for the damage to [Victim's] home." **Id.** Appellant asked the court to "consider distributing the total amount of restitution due between all [six] codefendants and cojuveniles." **Id**

The Juvenile Act authorizes the court to commit the juvenile to an institution or under supervision of the court or other public authority. **See** 42 Pa.C.S. § 6352. "After adjudicating a child … delinquent, the juvenile court's authority is limited to selecting from options listed in [Section 6352 of the Juvenile] Act." **In re R.A.**, 761 A.2d 1220, 1224 (Pa. Super. 2000).

> [O]ne of the purposes of the Juvenile Act is to hold children accountable for their behavior. Accordingly, the Juvenile Act authorizes the court to "order[] payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation concerning the nature of the acts committed and the earning capacity of the child."

**Appeal of B.T.C.**, 868 A.2d 1203, 1204-1205 (Pa. Super. 2005) (quoting 42 Pa.C.S. § 6352(a)(5)).

Appellant's argument regarding "actual damages" incorrectly invokes language from Section 6352(a)(6), which pertains to restitution imposed as part of a juvenile's probation. **See** Appellant's Br. at 8 (quoting 2 Pa.C.S. § 6352(a)(6) ("An order of the terms of probation may include an appropriate fine…not in excess of *actual damages* caused by the child[.]")). Here, restitution was imposed pursuant to Section 6352(a)(5). **See** Trial Ct. Op., 11/3/2016, at 1. Unlike restitution imposed in connection with probation, under Section 6352(a)(5) and underlying policies of the Juvenile Act, the juvenile court has "a broad measure of discretion to apportion responsibility for damages based upon the nature of the delinquent act and the earning

capacity of the juvenile." ***Appeal of B.T.C.***, 868 A.2d at 1204-1205 (citing ***In re M.W.***, 725 A.2d at 732–733).

> [I]n fashioning a restitution award the juvenile court must consider the following four factors: '(1) [t]he amount of loss suffered by the victim; (2) [t]he fact that defendant's action caused the injury; (3) [t]he amount awarded does not exceed defendant's ability to pay; [and] (4) [t]he type of payment that will best serve the needs of the victim and the capabilities of the defendant.'

***B.D.G.***, 959 A.2d at 367 ("***Dublinksi*** factors") (quoting ***In Re Dublinski***, 695 A.2d 827, 829 (Pa. Super. 1997)).  In considering the second factor, the juvenile court may engage in a "but for" analysis, *i.e.*, "[the juvenile] will be liable for restitution for all damages which would not have occurred but for [the juvenile's] criminal conduct."  ***B.D.G.***, 959 A.2d at 367 (quoting ***Dublinski***, 695 A.2d at 830).

In this case, the juvenile court considered all of the ***Dublinski*** factors. First, the court considered the evidence that the total amount of damages reported by Victim was $13,598.00.  ***See*** Trial Ct. Op., 11/3/2016, at 2. Second, the court found that Appellant should be jointly and severally liable for the amount of damages remaining after deducting the amounts of restitution that other, less culpable defendants were ordered to pay.  ***Id.*** at 2.  Third, the court found that Appellant "failed to show he was incapable of paying the restitution" reasoning that Appellant turned eighteen on December 11, 2016.  ***Id.*** at 3.  The court found him "capable of working and [that] the restitution amount is not unreasonable nor impossible for him to

pay." *Id.* Fourth, the court reasoned that joint and several liability with the other two co-defendants was the best means to compensate Victim. *See id.* ("The victim needs to be made whole as efficiently as possible."). Although Appellant argued at the restitution hearing that the order may impact his ability to go away to college, the court found that "there was no reason presented to divide the amount equally or to deviate from the legal standard of joint and several liability." *Id.*

Based on *Dublinski*, *supra*, it was not necessary for the trial court to consider whether Appellant actually caused the specific damages. Considering the evidence that Appellant was the one who initially broke into the house, it was reasonable for the court to conclude that but for Appellant's conduct, no damages would have been incurred by the Victim. Moreover, the juvenile court opinion presented an accounting of the restitutionary orders relevant to this Victim's damages and appropriately reduced the total claim by $4,000.00. The remaining amount of restitution imposed was fairly apportioned to the three individuals found to be primarily responsible, S.H., White, and Appellant. This method was reasonable and the record supports the trial court's conclusions.

Based on the record, the amount of restitution imposed by the juvenile court fairly holds Appellant accountable for his actual conduct. *See B.T.C., supra* (citing 42 Pa.C.S.A. § 6352). Accordingly, we discern no abuse of discretion in the amount of restitution imposed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2017